**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **NATALIA CORREA**, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>**ANNE ARUNDEL DERMATOLOGY, P.A.**,<br><br>    Defendant. | Case No.: 1:25-cv-02274 |
| **JASON TYSON**, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>**ANNE ARUNDEL DERMATOLOGY, P.A.**,<br><br>    Defendant. | Case No.: 1:25-cv-02278 |
| **BARBARA BURACKER**, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>**ANNE ARUNDEL DERMATOLOGY**,<br><br>    Defendant. | Case No.: 1:25-cv-02279 |

1

2

| | |
|---|---|
| **PEYTON SULKOWSKI**, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>**ANNE ARUNDEL DERMATOLOGY, P.A.**,<br><br>        Defendant. | Case No.: 1:25-cv-02282 |
| **RAVEN MARTIN**, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>**ANNE ARUNDEL DERMATOLOGY, P.A.**,<br><br>        Defendant. | Case No.: 1:25-cv-02288 |
| **RICHARD BERNARD**, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>**ANNE ARUNDEL DERMATOLOGY, P.A.**,<br><br>        Defendant. | Case No.: 1:25-cv-02290 |

| | |
|---|---|
| **VORONICA DANCE**, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**ANNE ARUNDEL DERMATOLOGY, P.A.**,<br><br>　　　　　Defendant. | Case No.: 1:25-cv-02293 |
| **MICHAEL STRAW**, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**ANNE ARUNDEL DERMATOLOGY, P.A.**,<br><br>　　　　　Defendant. | Case No.: 1:25-cv-02297 |

### [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE ACTIONS AND APPOINT LEADERSHIP AND EXECUTIVE COMMITTEE

Having reviewed Plaintiffs' Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel, Liaison Counsel, and an Executive Committee (the "Motion"), the Parties' briefing on the same, and for good cause shown, the Court hereby GRANTS the Motion.

IT IS HEREBY ORDERED that:

1.　　*Correa v. Anne Arundel Dermatology, P.A.*, Case No. 1:25-cv-02274 ("Correa"); Tyson v. *Anne Arundel Dermatology, P.A.*, Case No. 1:25-cv-02278 ("Tyson"); *Buracker v. Anne Arundel Dermatology*, Case No. 1:25-cv-02279 ("Buracker"); *Sulkowski v. Anne Arundel Dermatology, P.A.*, Case No. 1:25-cv-02282 ("Sulkowski"); *Martin v. Anne Arundel Dermatology, P.A.*, Case No. 1:25-cv-02288 ("Martin"); *Bernard v. Anne Arundel Dermatology, P.A.*, Case No.

3

1:25-cv-02290 ("Bernard"); *Dance v. Anne Arundel Dermatology, P.A.*, Case No. 1:25-cv-02293 ("Dance"); *Straw v. Anne Arundel Dermatology, P.A.*, Case No. 1:25-cv-02297 ("Straw") (the "Related Cases") are consolidated pursuant to Fed. R. Civ. P. 42(a).

2.      Consolidation of the Related Cases is appropriate because each action arises from the same nucleus of operative facts. Consolidation will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

3.      The Related Cases are consolidated under the docket number of the first-filed *Correa* case, No. 1:25-cv-02274 presently before this Court and filed in this District, and any future related actions arising from the same data breach as the Related Cases which may be filed in, removed to, or transferred to this Court, under the low-numbered case with the caption *In re Anne Arundel Data Breach Litigation*;

4.      Plaintiffs shall file a Consolidated Class Action Complaint within thirty (30) days of the Order; and

5.      Pursuant to Federal Rule of Civil Procedure 23(g), Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, and Tyler Bean of Siri & Glimstad LLP are hereby appointed Interim Co-Lead Class Counsel, Gary E. Mason of Mason LLP is hereby appointed Interim Liaison Class Counsel, and Daniel Srourian of Srourian Law Firm, P.C., Leigh S. Montgomery of EKSM, LLP, David H. Wise of Wise Law Firm, PLC, Jeff Ostrow of Kopelowitz Ostrow P.A., and Spencer D. Campbell of Markovits, Stock & Demarco, LLC are hereby appointed as members of the Executive Committee.

6.      **Duties of Interim Co-Lead Class Counsel**: Interim Co-Lead Class Counsel shall be responsible for the overall conduct of the litigation on behalf of the proposed class. Interim

Co-Lead Class Counsel shall be responsible for the following with regard to this matter:

a.  Supervise all pretrial, trial and post-trial proceedings;

b.  Sign any pleadings, motions, briefs, discovery requests or objections, subpoenas or notices;

c.  Determine and present in motions, briefs, oral argument, or such other fashion as may be appropriate, the position of all of the proposed class as to all matters arising during pretrial and trial proceedings;

d.  Conduct discovery on behalf of the named plaintiffs and the class consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g);

e.  Designate attorneys to act as spokespersons at pretrial conferences;

f.  Negotiate and enter into stipulations and agreements with defense counsel with respect to all matters in this litigation, including discovery and settlement

g.  Coordinate and oversee the implementation and administration of any settlement;

h.  Coordinate the activities of all plaintiffs' counsel, and implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

i.  Employ and consult with experts;

j.  Call meetings of plaintiffs' counsel when deemed appropriate;

k.  Delegate tasks to members of the Executive Committee, Liaison Class Counsel, and otherwise coordinate the work of all plaintiffs' counsel, and perform such other duties as the Interim Co-Lead Class Counsel deem necessary or as authorized by further order of the Court; and

l.  Perform such other pretrial duties as may be incidental to the proper coordination of pretrial activities or authorized by further order of the Court.

7.        **Duties of the Executive Committee and Liaison Class Counsel**: Members of the Executive Committee and Liaison Class Counsel shall be responsible for aiding Co-Lead Class Counsel for all tasks delegated by the Interim Co-Lead Class Counsel to members of the Executive Committee and Liaison Class Counsel.

**IT IS FURTHER ORDERED** that all other plaintiffs' counsel who are or may become involved in the Consolidated Action are prohibited from taking any action on behalf of the putative class in this Consolidated Action without advance authorization from Interim Co-Lead Class Counsel, Liaison Counsel, or the Executive Committee, except for an application to modify or be relieved from this Order.

**IT IS FURTHER ORDERED** that the mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.

**IT IS FURTHER ORDERED** that counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the Consolidated Action, and to conduct themselves in a manner consistent with the Local Rules of this Court.

It is hereby **ORDERED** that this Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

**IT IS SO ORDERED.**

Dated: _____                    _____

                                                    United States District Court Judge