## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **NATALIA CORREA**, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>**ANNE ARUNDEL DERMATOLOGY, P.A.,**<br>   Defendant. | Case No. 1:25-cv-2274-GLR |
| **TERRI WILSON**, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>**ANNE ARUNDEL DERMATOLOGY, P.A.,**<br>   Defendant. | Case No. 1:25-cv-2314-GLR |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF
### MOTION TO CONSOLIDATE CASES, AND APPOINT
### THOMAS A. ZIMMERMAN, JR. TO THE PLAINTIFFS' EXECUTIVE COMMITTEE

Plaintiff TERRI WILSON, individually, and on behalf of all others similarly situated, submits this memorandum in support of her motion to consolidate this case with the first-filed *Correa* case, and appoint Thomas A. Zimmerman, Jr. ("Zimmerman") to the plaintiffs' executive committee, as follows:

### I. INTRODUCTION

This case arises out a data breach wherein criminal hackers gained access to Defendant's network for at least three months between February 14, 2025 and May 13, 2025. Eight putative

class action complaints were filed on July 14 and 15, 2025. The first-filed case was *Correa v. Anne Arundel Dermatology, PA*, No. 1:25-cv-2274.

The instant case was filed on behalf of Plaintiff Terri Wilson ("Wilson") on July 16, 2025. That same day, certain counsel representing the plaintiffs in the other eight cases filed a motion to consolidate their cases, and appoint leadership and a plaintiffs' executive committee. *See* Doc. 7 in *Correa* case. Presumably, they were unaware that Wilson had filed her case that day, as Wilson's case was not included in that motion. After Zimmerman learned of the motion to consolidate, he reached out to all of the attorneys in that motion to request that the *Wilson* case be included in the motion, but not one of the attorneys responded to him.

## II.      MOTION TO CONSOLIDATE CASES

Wilson supports consolidation pursuant to Fed. R. Civ. P. 42(a), and seeks to have her case included in the consolidated cases, as all nine cases involve common questions of fact and law relative to the same data breach. *See Wilson* Complaint, attached as <u>Exhibit 1</u>. It is no different than the eight cases included in the Motion to Consolidate. The reasons for consolidation are set forth in the pending motion to consolidate, and need not be restated here.

## III.      MOTION TO APPOINT TOM ZIMMERMAN TO EXECUTIVE COMMITTEE

To the extent the Court is inclined to appoint leadership and an executive committee for the plaintiffs and putative class, Wilson seeks to have Zimmerman appointed to the plaintiffs' executive committee, pursuant to Fed. R. Civ. P. 23(g)(3), to ensure the efficient prosecution of this matter and to protect the interests of the class.

### A.      Zimmerman Has Performed Substantial Work to Date

Zimmerman, along with his co-counsel, extensively investigated the facts of the data breach, interviewed witnesses, researched potential claims, and drafted a 155 paragraph, 5 count

Complaint, that thoroughly analyzes the facts and law at issue in this case. *See Wilson* Complaint, Exhibit 1. Zimmerman has already performed significant work to identify, investigate, and prosecute Defendant for the alleged conduct. These cases and the proposed class will benefit from continuing the momentum that has been generated by the work of Zimmerman.

> **B.    Zimmerman Has Extensive Experience Handling Class Actions, Including Numerous Data Privacy Cases, and Has Knowledge of the Appliable Law**

Zimmerman has the necessary experience, knowledge, and skill to lead this case. Zimmerman is well-versed in prosecuting large-scale consumer class actions and other complex litigation cases, including data breach cases. *See* Zimmerman Law Offices, P.C. Firm Resume, attached as Exhibit 2. A seasoned litigator for over 28 years, Zimmerman has obtained multi-million dollar jury verdicts in class action, corporate, commercial, consumer fraud, constitutional due process, product liability, toxic tort, and other complex litigation. Zimmerman has been lead counsel in national and statewide class action litigation, and has recovered over $600 million on behalf of millions of individuals and businesses nationwide, including: $156 million in *In re. Packaged Seafood Products Antitrust Litigation*, MDL No. 2670 (S.D. CA); $62 million in *Joseph v. Beiersdorf North America, Inc.*, No. 11 CH 20147 (Cook Cnty., Ill.); $48 million in *PrimeCo Personal Communications, et al. v. Illinois Commerce Commission, et al.*, 98 CH 5500 (Cook Cnty., Ill.); $35 million in *Vargas, et al. v. Ford Motor Co.*, No. 12 cv 8388 (C.D. Cal.); and $31 million in *In re Chicago Sun-Times Circulation Litigation*, No. 04 CH 9757 (Cook Cnty., Ill.).

Zimmerman is experienced in multidistrict litigation, having served as lead counsel in multiple-defendant cases throughout the country. He is very familiar with data privacy litigation, and was class counsel in significant ***data privacy class action lawsuits***, such as: $16 million recovery in *Edenborough v. ADT, LLC*, No. 16 cv 2233 (N.D. Cal.); $11.2 million recovery in *In re Ashley Madison Customer Data Security Breach Litigation*, MDL No. 2669 (E.D. Mo.); $9.5

3

million recovery in *Hasbrook v. EP Global Production Solutions, LLC*, No. 23STCV19711 (Los Angeles Cnty, CA); $7.3 million recovery in *Aliano v. Airgas USA, LLC*, No. 14 CH 20024 (Cook Cnty., Ill.); $6 million recovery in *In Re: Overby-Seawell Company Customer Data Security Breach Litigation*, MDL No. 3056 (N.D. Ga.); $5.1 million recovery in *Anderson v. U-Haul International, Inc.*, (D. Ariz.); $4.95 million recovery in *Culbertson, et al. v. Deloitte Consulting LLP*, No. 20 cv 3962 (S.D.N.Y.); $4.3 million recovery in *In re Herff Jones Data Breach Litigation*, No. 21 cv 1329 (S.D. Ind.); $4.3 million recovery in *In re Sonic Corp. Customer Data Breach Litigation*, MDL No. 2807 (N.D. Ohio); $1.75 million recovery in *Migliaccio, et al. v. Parker Hannifin Corp.*, No. 22 cv 835 (N.D. Ohio); $1 million recovery in *Radaviciute v. Christian Audigier, Inc.*, No. 10 cv 8090 (N.D. Ill.); $900,000 recovery in *Schmitt v. SN Servicing Corp.*, No. 21 cv 3355 (N.D. Cal.); and $750,000 recovery in *In re: Mondelez Data Breach Litigation*, No. 23 cv 3999 (N.D. IL).

Zimmerman is class counsel in the following ***pending data breach case*** that was granted preliminary approval of a $30 million recovery in *In Re: 23andMe, Inc., Customer Data Security Breach Litigation*, MDL No. 3098 (N.D. Cal.).

Zimmerman is currently appointed to the plaintiffs' leadership in several ***pending data privacy class actions***, including: <u>Interim Class Counsel</u> in *Jay Kay Collision Center, Inc., et al. v. CDK Global, LLC*, No. 24 cv 5313 (N.D. IL); <u>Co-Chair of the Executive Committee</u> in *In re LastPass Data Security Incident Litigation*, No. 22 cv 12047 (D. Mass.); <u>Executive Committee member</u> in *Doe v. GoodRx Holdings, Inc.*, No. 23 cv 501 (N.D. Cal.); and *In re: Change Healthcare, Inc. Customer Data Security Breach Litigation*, MDL No. 3108 (D. MN).

In 2017, 2018, 2019, 2020, 2021, 2022, 2023 and 2024, Zimmerman was selected as a *Super Lawyer* in the area of class action and mass torts.

Zimmerman has prosecuted and settled numerous data privacy class action lawsuits. He is knowledgeable regarding the discovery and expert needs for the instant case, and will work in a focused manner to overcome Defendant's defenses. Moreover, Zimmerman is a seasoned class action litigator of national prominence who is well-versed in the nuances of the class action vehicle and Rule 23 and has demonstrated his willingness and ability to dedicate the necessary resources to ensure the effective progress of this litigation.

**C.    Zimmerman Has and Will Commit All Necessary the Resources to This Litigation**

As described above, Zimmerman has thoroughly investigated, developed, and gathered evidence in support of these claims, and has already invested and committed significant resources to prosecute the case. Zimmerman is hard-working, organized, and effective. He has a well-capitalized firm that has pursued many complex cases from inception to a favorable result, advancing all litigation costs, and will do so here. Zimmerman has never financed a case through litigation funding or otherwise.

Zimmerman settled cases with positive resolutions relatively early in cases but has also pushed cases through class certification and actually tried class action cases. Zimmerman has the experience and resources to handle any procedural scenario presented in this case, up through a jury trial and appeals.

Moving forward, Zimmerman will work with the other leadership counsel to staff this action with knowledgeable and experienced attorneys supported by accomplished support staff, as they prepare pleadings, draft memoranda, conduct discovery, work with experts, and assist in trial preparation. Zimmerman will also ensure that junior attorneys are offered opportunities to assist in the prosecution of this litigation and will continue to commit all necessary resources and efforts to the action, just as he has in other, successful actions.

Zimmerman will make every effort to staff the litigation effectively and efficiently in a manner that will avoid unnecessary duplication of effort. To ensure that the case proceeds efficiently, Zimmerman will work with the other leadership counsel to implement a billing and expense protocol to govern the case. Requiring adherence to the protocol and instituting regular monitoring of billing records will avoid duplicity and promote efficiency.

## IV.    TOM ZIMMERMAN'S BIOGRAPHICAL INFORMATION

Zimmerman earned a B.S. in Computer Science-Mathematics from the University of Illinois, and an M.B.A. in Finance from DePaul University in the evenings while working. Zimmerman earned his law degree in the evenings from the Chicago-Kent College of Law, where he was a Ramsey-Burke Scholarship recipient and earned the Academic Achievement Award.

Zimmerman is well respected for his representation of physicians, dentists, nurses and many other licensed professionals before state and federal agencies, where he assists professionals with licensure issues and to obtain care and treatment for substance abuse disorders.

In 2003, the Illinois Supreme Court appointed Zimmerman to the Review Board of the Attorney Registration and Disciplinary Commission ("ARDC").  He served in that capacity until 2011, wherein he presided over appeals by attorneys who have been found to have committed misconduct, and recommended discipline for their ethical violations. In 2013, the ARDC appointed Zimmerman as Special Counsel, wherein he conducted independent investigations in matters involving allegations of misconduct against attorneys associated with the ARDC. He served in that capacity until 2023. In 2024, he was appointed to the ARDC Oversight Committee, wherein he reviews ARDC investigative matters.

Additionally, the Illinois Governor appointed Zimmerman to the Illinois Courts Commission in 2003. A Commission member presides over proceedings wherein judges are

charged with committing ethical violations and imposes discipline on judges who are found to have engaged in misconduct.  Zimmerman has served as a Commission member continuously since his appointment.

Involved in numerous community service activities, Zimmerman has been an Illinois State Board of Education surrogate parent of disabled children since 1988. In that capacity, he advocates for children in their individualized educational plans, and for independent living arrangements after graduation. In addition, he was a speaker on the rights of disabled people for the Illinois Planning Council on Developmental Disabilities, and a Family Shelter Service counselor to battered children for many years.

Zimmerman has been recognized by the federal court for his pro bono representation of indigent clients, and he is currently class counsel in a case against Wells Fargo for its systematic discrimination against minorities in residential mortgage applications. *In re Wells Fargo Mortgage Discrimination Litigation*, No. 22 cv 990 (N.D. Cal.).

## V.    CONCLUSION

For the foregoing reasons, Plaintiff TERRI WILSON prays that the Court consolidate this case with the first-filed *Correa* case, appoint Thomas A. Zimmerman, Jr. to the plaintiffs' executive committee, and for any other relief deemed just.

Dated: August 5, 2025          Plaintiff TERRI WILSON, individually, and on behalf of all others similarly situated,


By:  */s/ Scott C. Borison*


Scott C. Borison (Bar No. 22576)
**BORISON FIRM, LLC**
1400 S. Charles Street
Baltimore, MD 21230
Phone: (301) 620-1016

*scott@borisonfirm.com*

Thomas A. Zimmerman, Jr.
(admitted *pro hac vice*)
**ZIMMERMAN LAW OFFICES, P.C.**
77 W. Washington Street, Suite 1220
Chicago, IL 60602
Phone: (312) 440-0020
Fax: (312) 440-4180
*firm@attorneyzim.com*

Marc E. Dann*
Brian D. Flick*
**DANNLAW**
15000 Madison Avenue
Lakewood, OH 44107
Phone: (216) 373-0539
Fax: (216) 373-0536
*notices@dannlaw.com*

*\* pro hac vice* applications forthcoming

8