**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **IN RE ANNE ARUNDEL DATA BREACH LITIGATION** | **Case No.: 1:25-cv-02274** |

**PLAINTIFFS' UNOPPOSED MOTION FOR RECONSIDERATION OF ORDER CONSOLIDATING CASES AND APPOINTING INTERIM CO-LEAD COUNSEL**

All Plaintiffs respectfully move this Court to reconsider its Order Consolidating the Related Actions (Dkt. No. 14), in particular, the portion of such Order appointing Interim Co-Lead Counsel. Additionally, Plaintiffs seek an order from the Court setting Defendant's deadline to answer, move, or otherwise respond to the eventual Consolidated Complaint at 90 days from the date the Consolidated Complaint is filed.

Plaintiff Natalia Correa's initial Motion to Consolidate Actions and Appoint Leadership and Executive Committee (ECF No. 7) was filed on July 16, 2025. At the time, the eight cases on file consented to that Motion.[1] After Plaintiff Correa filed that motion, however, numerous other cases (13) were filed, as well, that did not consent in full to the leadership proposal in that Motion. Rather than oppose the pending Motion and burden the Court with a disputed leadership contest, however, Counsel for Plaintiffs in the multiple newly filed cases (*T. Wilson*, No. 1:25-cv-02314; *Hall*, 1:25-cv-02322; *D. Wilson*, 1:25-cv-02324; *McKernan*, 1:25-cv-02336; *Smith*, 1:25-cv-02341; *Farris*; 1:25-cv-02369; *Beville*, 1:25-cv-02384; *Erickson*, 1:25-cv-02396, *Gale*, 1:25-cv-02406; *Butler*, 1:25-cv-02459; *Mattigan*, 1:25-cv-02476; *Botteon*, 1:25-cv-02486; *Siddiqui*, 1:25-

---

[1] This included cases: *Correa* (1:25-cv-02274); *Tyson* (1:25-cv-02278); *Buracker* (1:25-cv-02279); *Sulkowski* (1:25-cv-02282); *Raven-Martin* (1:25-cv-02288); *Bernard* (1:25-cv-02290); *Dance* (1:25-cv-02293); and *Straw* (1:25-cv-02297).

cv-04197) decided to see if they could reach a consensus on leadership amongst all counsel. *See* Manual for Complex Litigation ("MCL"), Fourth, § 21.272 (noting preference for the "private ordering" approach to the selection and appointment of class counsel). Over the last several weeks, they were able to reach such a consensus, had prepared an *amended* joint motion that had agreement from *all* Plaintiffs' counsel, and were awaiting sign off from counsel for Defendants at the time this Court issued its Order. Given that the amended Motion was going to change the proposed leadership structure in Correa's Motion, and all Counsel had consented to this new proposed structure, Plaintiffs would respectfully request the Court to reconsider its leadership Order and amend the leadership structure. In particular, they request adding James Pizzirusso as a new Co-Lead, and adding James P. Ulwick as a new Co-Liaison counsel.[2]

## ARGUMENT

Federal Rule 23(g)(3) provides that, "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Similarly, the Manual for Complex Litigation recommends that the Court select and authorize one or more attorneys to act on behalf of other counsel and their clients early in complex litigation. Counsel so designated, "assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel." MCL 4th § 10.22 (emphasis added). Importantly, such orders appointing interim class counsel are always

---

[2] As part of the consensus slate, the parties were also going to request several additional members being added to the Executive Committee. Given the Court's ruling as to the necessity of an Executive Committee, however, Counsel are amenable to just utilizing additional counsel where necessary in support of the class. In particular, the counsel in the other cases who were proposed members of the Executive Committee would assist in legal briefing and factual research, expert analysis, Defendant discovery, third party discovery, and Plaintiff vetting and discovery. Counsel are mindful of the necessity to ensure efficiency and avoid duplication of work, and also utilizing counsel who have particular strengths in certain areas.

2

reviewable. *See In re Navistar Maxxforce Engines Mktg., Sales Practices & Prod. Liab. Litig.*, No. 14-cv-10318, 2015 WL 1216318, at *2 (N.D. Ill Mar. 5, 2015) (citing Fed. R. Civ. P. 23(g)(1)(E) and noting that a court may always revisit an order appointing interim class counsel).

Rule 23(g)'s considerations include: (a) work counsel has performed identifying or investigating potential claims in the action; (b) counsel's experience with claims of the type asserted in the action; (c) counsel's knowledge of the applicable law; (d) the resources that counsel will commit to representing the class; and (e) any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv) & (B); *see also* MCL 4th at § 21.271.  While "[n]o single factor should necessarily be determinative in a given case," Fed. R. Civ. P. 23 Advisory Committee Note (2003), the experience and ability of the firms to handle class action litigation becomes crucial when all firms have undertaken independent investigations into the underlying facts and legal claims.  If more than one adequate applicant seeks to be designated, "the court must appoint the applicant *best able* to represent the interests of the class." *See* Fed. R. Civ. P. 23(g)(2) (emphasis added).

Here, the Court was unable to determine the applicants "best able" to represent the class because several firms were not involved in the initial motion. Plaintiffs request that Court thus re-open the leadership to add two additional Counsel: James Pizzirusso and Jim Ulwick.

### James Pizzirusso of Hausfeld LLP (Co-Lead)

A**s** a founding member of Hausfeld and Chair of the firm's Data Breach practice group, Mr. Pizzirusso has achieved national renown and unmatched success over the past decade as one of the country's preeminent cybersecurity attorneys. Mr. Pizzirusso is currently a lead author in a pioneering data breach treatise for Lexis. Hausfeld is the only plaintiffs' firm in the country ranked by Legal500 in Cyber Law. In 2025, Chambers and Partners ranked Mr. Pizzirusso (for the fifth

year in a row) as a top lawyer in "Privacy and Data Security: Litigation." It described Mr. Pizzirusso as "a highly experienced litigator, noted for his successful track record acting for plaintiffs in high-stakes cybersecurity and privacy law class actions." Hausfeld is also the only plaintiffs' firm in the country to be ranked (for the fourth year in a row) by *Chambers* in the category of Privacy & Data Security-Litigation, where they wrote: "Hausfeld's team is talented across the board, it contains some of the hardest-working and smartest lawyers." *The National Law Journal* also named Mr. Pizzirusso as one of its "2023 Class Action/Mass Tort Trailblazers," and in 2017, as a "Cybersecurity Trailblazer." In 2021, Law360 named him a "Cybersecurity & Privacy MVP."

Given his extensive expertise and accomplishments in this field, over 36 courts (including 13 MDL judges) have appointed Mr. Pizzirusso personally to leadership positions in data breach class actions. He helped negotiate the two largest data breach settlements ever reached. Judge Thomas W. Thrash appointed Mr. Pizzirusso to the PSC and Settlement Committees in *In re Equifax, Inc. Customer Data Sec. Breach Litig*., MDL No. 1:17-md-2800-TWT (N.D. Ga.), where he was instrumental in putting together the largest ever data breach settlement: a $500 million cash settlement with $1 billion in upgraded data security. Judge Brian C. Wimes appointed Mr. Pizzirusso as Co-Lead Counsel in *In re T-Mobile Data Security Breach Litig.*, MDL No. 4:21-md-03019-BCW (W.D. Mo.), where he secured a settlement valued at $500 million for the 70 million victims of that data breach.

He has also served in several leadership capacities in other cases in this Circuit. Judge Paul Grimm (ret.) appointed Mr. Pizzirusso as Co-Lead Counsel in *In re: Marriott International Inc., Customer Data Security Breach Litig*., MDL No. 19-md-2879 (D. Md.), one of the largest data breaches ever impacting over 300 million customers. In *Marriott*, Mr. Pizzirusso became one of

the few lawyers to litigate and certify a data breach case as a class action (his second). *See In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 341 F.R.D. 128 (D. Md. 2022) (overturned on other grounds). *See also Gordon v. Zeroed-In Technologies, LLC, et al.*, 1:23-cv-03284-BAH (D. Md.) (appointed Co-Lead Counsel).

A copy of Mr. Pizzirusso's firm resume is attached hereto as *Exhibit A*.

**James P. Ulwick Kramon and Graham (Co-Liaison)**

Liaison counsel are frequently appointed by the Court to assist Lead Counsel with communications with the Court and attorneys for other parties. As the Manual for Complex Litigation notes: "Liaison counsel will usually have offices in the same locality as the court." MCL 4th § 10.221. Liaison counsel "[convene] meetings of counsel, [advise] parties of developments, and otherwise [assist] in the coordination of activities and positions." *Id.* The parties, including the putative class, Plaintiffs' counsel and the Court would benefit from the appointment of another qualified Plaintiffs' counsel as Interim Co-Liaison Counsel to work with Interim Co-Lead Class Counsel.

James P. Ulwick and Kramon & Graham are well situated to serve as Interim Liaison Counsel in this case. Mr. Ulwick has been a fixture in this Court for many years. He began his legal career by serving as a law clerk for Chief Judge Northrop of this Court from 1977 to 1978. Mr. Ulwick tried numerous cases in this Court during his service in this District as an Assistant United States Attorney from 1981 to 1984. Mr. Ulwick joined Kramon & Graham as an associate in 1984, and became a member of the firm in 1986. Since that time, he has regularly and frequently represented litigants in this District. He was appointed a permanent member of the Judicial Conference of the United States Court of Appeals for the Fourth Circuit more than 30 years ago, and in 1997 he was recognized as one of the premiere trial lawyers in the State by virtue of his

4922-2993-8785, v. 1

admission as a Fellow in the American College of Trial Lawyers. Mr. Ulwick has served as Lead Counsel and Liaison Counsel in numerous class actions, appearing for both plaintiffs and defendants. He was selected by the Honorable Paul Grimm, District of Maryland, to serve as one of two Court-appointed Liaison Counsel for the consumer plaintiffs in the massive Marriott data-breach MDL litigation. Mr. Ulwick has extensive experience in complex, multi-party litigation, and has been repeatedly recognized as an elite litigator in Maryland by all the leading publications, including Chambers (Tier One in Litigation), Best Lawyers in America (three categories, including Bet the Company Litigation), and SuperLawyers.

Kramon & Graham is a Baltimore firm formed in 1977. Since then, it has earned and maintained a reputation as one of the best litigation firms in the State. For example, Chambers currently ranks the firm in Band 1—the highest ranking—in Litigation, along with only two other firms in the State. Multiple other publications have given the firm similarly high marks. There is no question that Mr. Ulwick and Kramon & Graham are well-suited to serve as Interim Co-Liaison Counsel.

A copy of Mr. Ulwick's firm resume is attached hereto as *Exhibit B*.

## CONCLUSION

For the reasons discussed herein, the Court should reconsider its Order appointing Interim Co-Lead Counsel and add James Pizzirusso as additional Co-Lead Counsel and James Ulwick as additional Co-Liaison Counsel. Additionally, Plaintiffs request an order setting Defendant's deadline to answer, move, or otherwise respond to the eventual Consolidated Complaint at 90 days from the date the Consolidated Complaint is filed. Plaintiffs conferred with Defendant regarding this Motion and confirmed that Defendant does not oppose the relief requested herein.

4922-2993-8785, v. 1

Dated:  August 21, 2025                   Respectfully submitted,

*/s/ James P. Ulwick*
James P. Ulwick, Bar No. 00536
Kramon & Graham, P.A.
750 East Pratt Street, Suite 1100
Baltimore, Maryland 21202
Phone: 410-752-6030
Fax: 410-539-1269
julwick@kg-law.com

*/s/ James Pizzirusso*
James Pizzirusso (D. Md. Bar No. 20817)
**HAUSFELD LLP**
1700 17th St., NW, Ste 600
Washington, DC 20036
Phone: 202-540-7200
jpizzirusso@hausfeld.com

*/s/ Gary Klinger*
Gary M. Klinger
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: 866-252-0878
gklinger@milberg.com

*/s/ Tyler Bean*
Tyler J. Bean
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Phone: 212-532-1091
tbean@sirillp.com

*/s/ Gary Mason*
Gary E. Mason
**MASON LLP**
5335 Wisconsin Avenue, NW, Suite 640
Washington, DC 20015
Phone: 202-429-2290
gmason@masonllp.com

*Counsel for Plaintiffs*

7

4922-2993-8785, v. 1