**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE ANNE ARUNDEL DATA BREACH LITIGATION | Case No.: 1:25-cv-02274 |

**JOINT MOTION FOR LEAVE TO**
**FILE PLEADINGS AND MOTIONS IN EXCESS OF THE PAGE LIMITS SET FORTH**
**IN LOCAL RULES 103.1(d) AND 105.3, AND TO SET BRIEFING SCHEDULE**

Plaintiffs Natalia Correa, Peyton Sulkowski, Jennifer Longwell, Shemika Jones, Brice Farris, Michael Straw, Barbara Buracker, Paul Gale, Earl Beville Jr., Steven Boehm, Paul Madigan, Heidi Shell, Troy Botteon, Richard Bernard, Jason Tyson, Crystal Hall, Terri Wilson, Raven Martin, Alunda Mitchell, on behalf of J.D., a minor, Jacqueline Smith, and Diana Wilson, individually and on behalf of all others similarly situated, (collectively, "Plaintiffs"), and Defendant Anne Arundel Dermatology, P.A. ("AAD") (collectively "the Parties") by and through their undersigned attorneys, hereby jointly Move for leave to file pleadings and motions in excess of the page limits set forth in Local Rules 103.1(d) and 105.3 and for a briefing schedule, and for cause state:

1.      On July 11, 2025, AAD filed notice that its data had been hacked, and its protections for patient data had been breached by cyber-criminals.

2.      Between July 14, 2025 and July 29, 2025, twenty-one class action lawsuits were filed against AAD in this District.

3.      On July 16, 2025 Plaintiffs filed a Motion to Consolidate the Complaints in a single consolidated class action.  ECF 7.

4.      The Court granted the Motion on August 19, 2025, ordering that the Consolidated Complaint be filed on or before September 18, 2025.  ECF 14.

5. The Consolidated Complaint will be brought on behalf of 21 representative plaintiffs, and a putative class of roughly 2 million AAD patients.

6. Local Rule 103.1(d) provides that pleadings are limited to 40 pages. The Rule does provide, however, that leave of Court may be granted for additional pages in "extraordinary circumstances." The Rule does not state whether it applies to consolidated cases.

7. Because this consolidation was sought (and granted) due to the large number of class action complaints brought against the same defendant for the same harms, because of the large number of representative plaintiffs, and because of the complexity of this 9-count consolidated class action complaint, the Court should grant leave to Plaintiffs to file a Consolidated Complaint in excess of 40 pages. Interim Class Counsel request leave to file a 110-page Consolidated Complaint. Plaintiffs note that this one Consolidated Complaint will replace 21 separate class action complaints totaling more than 550 pages.

8. AAD does not oppose Plaintiffs' request, and consents to an Order granting Plaintiffs leave to file a 110-page Consolidated Complaint.

9. For the same reasons, AAD requests that the 30-page limitation set forth in Local Rule 105.3 for Motions be expanded to 50 pages for AAD's Motion to Dismiss and for Plaintiffs' Opposition thereto, and that it be allowed 25 pages for its Reply.

10. Plaintiffs do not oppose AAD's request, and consent to an Order granting it as stated.

11. In light of the unique procedural and factual complexity of this consolidated litigation—specifically, that AAD will be responding to the claims of 21 separate plaintiffs in a single consolidated pleading, and the parallel proceedings in Maryland state court asserting overlapping claims but presently declining to coordinate with this federal consolidated action—

2

the Parties jointly submit that good cause exists to depart from the standard briefing schedule.

Accordingly, the Parties respectfully request that the Court adopt the following schedule for the

forthcoming Motion to Dismiss and related briefing:

- January 16, 2026 - Defendant's Motion to Dismiss

- February 20, 2026 - Plaintiffs' Opposition

- March 13, 2026 - Defendant's Reply

WHERFORE, Plaintiffs and Defendant jointly request leave to file pleadings and motions

in excess of the page limits set forth in Local Rules 103.1(d) and 105.3, and request the entry of a

briefing schedule.

Dated: September 18, 2025

Respectfully submitted,

*/s/ James P. Ulwick*
James P. Ulwick, Bar No. 00536
Kramon & Graham, P.A.
750 East Pratt Street, Suite 1100
Baltimore, Maryland 21202
Phone: 410-752-6030
Fax: 410-539-1269
julwick@kg-law.com

*/s/ James Pizzirusso*
James Pizzirusso, Bar No. 20817
**HAUSFELD LLP**
1700 17th St., NW, Ste 600
Washington, DC 20036
Phone: 202-540-7200
jpizzirusso@hausfeld.com

*/s/ Gary Klinger*
Gary M. Klinger
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: 866-252-0878
gklinger@milberg.com

3

/s/ Tyler Bean
Tyler J. Bean
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Phone: 212-532-1091
tbean@sirillp.com

/s/ Gary Mason
Gary E. Mason
**MASON LLP**
5335 Wisconsin Avenue, NW, Suite 640
Washington, DC 20015
Phone: 202-429-2290
gmason@masonllp.com

*Interim Class Counsel for Plaintiffs*

**DECHERT LLP**

/s/ Brenda R. Sharton
Brenda R. Sharton (*pro hac vice forthcoming*)
One International Place
100 Oliver Street
Boston, MA 02110
Telephone:    617.728.7100
Facsimile:    617.426.6567
brenda.sharton@dechert.com

Benjamin M. Sadun (*pro hac vice forthcoming*)
633 W 5th Suite 4900
Los Angeles, CA 90071
Telephone:    213.808.5721
benjamin.sadun@dechert.com

James A. Smith (Md. Bar No. 1412180168)
1900 K St NW
Washington, DC 20006
Telephone:    202.261.3362
james.smith@dechert.com

*Counsel for Anne Arundel Dermatology*

4