# **EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE ANNE ARUNDEL DATA BREACH LITIGATION | No. 1:25-cv-02274-GLR |

This Document Relates To:

1:25-cv-02274
1:25-cv-02278
1:25-cv-02279
1:25-cv-02282
1:25-cv-02288
1:25-cv-02290
1:25-cv-02293
1:25-cv-02297
1:25-cv-02314
1:25-cv-02322
1:25-cv-02324
1:25-cv-02336
1:25-cv-02341
1:25-cv-02369
1:25-cv-02384
1:25-cv-02396
1:25-cv-02406
1:25-cv-02459
1:25-cv-02476
1:25-cv-02486
1:25-cv-02703

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release is made as of the date of the last

signature below, by and between as defined herein: (a) the Settlement Class Representatives,[1] on

behalf of themselves and the Settlement Class; and (b) Anne Arundel Dermatology, P.A. ("AAD"

---

[1] All capitalized terms are defined in Section 1 below.

1

or "Defendant"). This Agreement fully and finally compromises and settles any and all claims that are, were, or could have been asserted against AAD in the actions captioned, including but not limited to: *Bernard v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02290 (D. Md.); *Beville v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02384 (D. Md.); *Botteon v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02486 (D. Md.); *Buracker v. Anne Arundel Dermatology*, No. 1:25-cv-00279 (D. Md.); *Butler v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02459 (D. Md.); *Correa v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02274 (D. Md.); *Dance v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02293 (D. Md.); *Erickson v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02396 (D. Md.); *Farris et al. v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02369 (D. Md.); *Gale v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02406 (D. Md.); *Hall v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02322 (D. Md.); *Martin v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02288 (D. Md.); *Mattigan et al. v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02476 (D. Md.); *McKernan v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02336 (D. Md.); *Siddiqui et al. v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02703 (D. Md.); *Smith v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02341 (D. Md.); *Straw v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02297 (D. Md.); *Sulkowski v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02282 (D. Md.); *Tyson v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02278 (D. Md.); *Diana Wilson v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02324 (D. Md.); and *Terri Wilson v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02314 (D. Md.), (collectively, the "Actions"), which have been consolidated for pre-trial discovery under the caption *In re Anne Arundel Data Breach Litigation*, No. 1:25-cv-022743-GLR  (the "Consolidated Federal Action"), pending in the U.S. District Court for the District of Maryland, in addition to the now dismissed related state action, *George Tyler v. Anne Arundel Dermatology, P.A.*, Case No. C-02-CV-25-002625 (the "State Action"), which was

filed on September 5, 2025 in the Circuit Court for Anne Arundel County and dismissed, without prejudice, on November 14, 2025.

## RECITALS

WHEREAS, Plaintiffs have alleged in the Actions that between February 14, 2025 and May 13, 2025, cybercriminals gained unauthorized access to certain AAD systems and allegedly viewed and/or exfiltrated personal information, including Personal Health Information ("PHI") and Personally Identifiable Information ("PII) pertaining to AAD patients. The incident is referred to herein as the "Data Security Incident."

WHEREAS, beginning on July 11, 2025, AAD notified certain individuals on behalf of data providers that their personal information and information related to health records may have been impacted in the Data Security Incident.

WHEREAS, in the following months multiple putative class action lawsuits were filed in different jurisdiction against AAD, accusing AAD of negligently and/or intentionally allowing third parties to obtain information about AAD patients and other persons who interfaced with AAD's website (including but not limited to persons who booked, or started booking, appointments with AAD but never became patients), among other things.

WHEREAS, starting on July 14, 2025, with the *Correa v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02274 action, the Settlement Class Representatives filed the Actions against AAD asserting common law and statutory claims and seeking remedies (including damages and injunctive relief), among other claims for alleged injuries purportedly caused by AAD's wrongful disclosure of their PII and/or PHI, including as a result of the Data Security Incident.

WHEREAS, the Actions were assigned or otherwise transferred to Judge George Levi Russell III in the U.S. District Court for the District of Maryland.

3

WHEREAS, the Actions assert claims on behalf of residents of all fifty U.S. states and multiple U.S. territories sounding in negligence, breach of contract, breach of fiduciary duty, unjust enrichment, and intentional invasion of privacy.

WHERAS, the Actions assert statutory claims under Maryland law on behalf of Maryland residents, including all Maryland residents who may have been impacted by the Data Security Incident.

WHEREAS, additional actions purportedly brought on behalf of the class pertaining to AAD's alleged wrongful disclosure of class members' data have been filed or threatened in other jurisdictions, including but not limited to an action filed in the Circuit Court for Anne Arundel County, Maryland captioned *Tyler v. Anne Arundel Dermatology, P.A.*, No. C-02-CV-25-002625, filed on September 5, 2025 (the "State Action") and dismissed without prejudice on November 14, 2025.[2]

WHEREAS, Class Counsel will file an amended complaint in the Consolidated Federal Action to add the State Action Plaintiff, George Tyler, as a named plaintiff.

WHEREAS, healthcare providers have faced an increasing tide of data privacy class actions for the alleged wrongful disclosure of personal information about prospective and actual patients, including their actual or potential physicians, the clinics they visited or may visit, and their personal identities without those patients' (and other persons') knowledge, authorization, or consent.

WHEREAS, AAD has at all times denied (and continues to deny) liability for all such claims, conduct, and issues alleged in or in any way related to the Actions and the State Action,

---

[2] The State Action was filed in the Circuit Court for Anne Arundel County, Maryland but mistakenly captioned by the plaintiff in that action as having been filed in the Circuit Court for Montgomery County.

and in particular denies that it breached any contract, violated anyone's privacy intentionally or negligently, violated any statute, or fell short of duties it owed to the Settlement Class, Settlement Class Representatives, or any other person or entity. AAD asserts that it acted lawfully at all times, and is settling the Actions solely for the purpose of avoiding the time and expensive of further litigation.

WHEREAS, Defendant has at all times denied that the proposed class meets the manageability requirements of Rule 23 of the Federal Rules of Civil Procedure.

WHEREAS, on August 19, 2025, the court consolidated the 21 Actions and appointed Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC and Tyler Bean of Siri & Glimstad, LLP as interim co-lead class counsel, and Gary E. Mason of Mason LLP as interim liaison class counsel. ECF No. 14. On August 25, 2025, the court further appointed James Pizzirusso of Hausfeld LLP as additional interim co-lead class counsel, and James P. Ulwick of Kramon & Graham as additional interim co-liaison class counsel. ECF No. 16. The Court's orders authorized interim class counsel to, among other things, negotiate and enter into stipulations and agreements with defense counsel, including settlement agreements, and to "[c]oordinate and oversee the implementation and administration of any settlement." *Id.* at 2.

WHEREAS, the Parties' Counsel are experienced litigators in complex class actions, generally, and the privacy and data breach fields, specifically. After the appointment of interim co-lead counsel, they and AAD's Counsel discussed the possible early resolution of the Litigation, which culminated in the Parties participating in a full-day mediation session conducted on October 29, 2025, by the Honorable Diane M. Welsh (Ret.), a retired federal magistrate judge now with JAMS in Philadelphia, Pennsylvania. In preparation for the mediation, the Parties exchanged confidential information related to the issues in the lawsuit and mediation position statements that

allowed the Parties to assess the case and meaningfully engage in-arm's length settlement discussions.

WHEREAS, during the mediation, the Parties exchanged additional information pertaining to the Settlement Class and AAD's financial condition, which further informed their settlement discussions.

WHEREAS, during the mediation, the Parties reached agreement regarding the material terms of a settlement, which if approved by the Court, will resolve all claims against AAD that were asserted or could have been asserted in the Actions. Thereafter, the Parties drafted this Agreement.

WHEREAS, the Parties recognize the expense and length of proceedings that would be required to continue litigation of the Actions through further motions practice, discovery, trial, and any possible appeals. The Parties have considered the uncertainty and risk of the outcome of further litigation, and the expense, difficulties, and delays inherent in such litigation. The Parties are also aware of the burdens of proof necessary to certify a class, and establish liability and damages for the claims alleged in the Actions and the defenses thereto. Based upon their investigation and the exchange of information, as set forth above, the Parties have determined that the settlement set forth in this Agreement is in their respective best interests, and that the Agreement is fair, reasonable, and adequate. The Parties therefore agree to settle the claims asserted against AAD in the Actions pursuant to the terms and provisions of this Agreement, subject to the Court's approval.

WHEREAS, the Parties now agree to settle the Actions in their entirety as to AAD, without any admission of liability, with respect to all Released Claims of the Settlement Class Representatives and Settlement Class Members who do not timely and validly exclude themselves from the Settlement Class. The Parties intend this Agreement to bind the Settlement Class

Representatives, AAD, and all Settlement Class Members that do not timely and validly exclude themselves from the Agreement.

THEREFORE, in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, it is hereby stipulated and agreed by the Parties that the Actions be settled, compromised, and dismissed on the merits and with prejudice with respect to AAD, subject to preliminary and final Court approval, as required by Fed. R. Civ. P. 23, on the following terms and conditions:

**1.    Definitions.**

As used in all parts of this Agreement, including the recitals above, and exhibits attached hereto, the follow terms have the meanings specified below:

1.1    "Actions" or "the Litigation" means collectively the cases captioned: *Bernard v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02290 (D. Md.); *Beville v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02384 (D. Md.); *Botteon v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02486 (D. Md.); *Buracker v. Anne Arundel Dermatology*, No. 1:25-cv-00279 (D. Md.); *Butler v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02459 (D. Md.); *Correa v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02274 (D. Md.); *Dance v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02293 (D. Md.); *Erickson v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02396 (D. Md.); *Farris et al. v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02369 (D. Md.); *Gale v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02406 (D. Md.); *Hall v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02322 (D. Md.); *Martin v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02288 (D. Md.); *Mattigan et al. v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02476 (D. Md.); *McKernan v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02336 (D. Md.); *Siddiqui et al. v. Anne*

7

*Arundel Dermatology, P.A.*, No. 1:25-cv-02703 (D. Md.); *Smith v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02341 (D. Md.); *Straw v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02297 (D. Md.); *Sulkowski v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02282 (D. Md.); *Tyson v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02278 (D. Md.); *Diana Wilson v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02324 (D. Md.); and *Terri Wilson v. Anne Arundel Dermatology, P.A.*, No. 1:25-cv-02314 (D. Md.), which have been consolidated for pre-trial discovery under the caption *In re Anne Arundel Data Breach Litigation*, No. 1:25-cv-022743-GLR, pending in the U.S. District Court for the District of Maryland before the Honorable George Levi Russell III.

1.2     "Agreement" or "Settlement" means this Class Action Settlement Agreement and Release and all of its attachments and exhibits, which the Parties understand and agree set forth all material terms and conditions of the Settlement of the Actions between them and which is subject to approval by the Court.

1.3     "Approved Claim" means the timely submission of a Claim Form by a Settlement Class Member that has been approved by the Settlement Administrator.

1.4     "CAFA Notice" means the notice required by the Class Action Fairness Act of 2008, 28 U.S.C. § 1715 ("CAFA").

1.5     "Class Counsel" means Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; Tyler Bean of Siri & Glimstad, LLP; James Pizzirusso of Hausfeld LLP; Gary E. Mason of Mason LLP; James P. Ulwick of Kramon & Graham, and those working at their direction for purposes of negotiating and executing this Settlement.

8

1.6   "Class List" means the list of individuals in the United States whom AAD reasonably believes may be members of the Settlement Class and for whom AAD has contact information and their last known physical mailing addresses and/or e-mail addresses.

1.7   "Claim Form" means the form(s) Settlement Class Members must submit to be eligible for reimbursement under the terms of the Settlement, which shall be in a form mutually agreeable to Defendant and Class Counsel, pursuant to the procedure set forth in Paragraph 7.1, and, once finalized, shall be incorporated herein as Exhibit A.

1.8   "Claims Period" means the ninety (90) day period following the Notice Deadline, within which all Claims filed by Settlement Class Members must be either (a) submitted online or (b) sent by mail and postmarked. For the avoidance of doubt, the final date to submit (or postmark) Claims is the ninetieth (90th) day following the Notice Deadline.[3]

1.9   "Costs of Notice and Administration" means all reasonable costs and expenses of the Settlement Administrator associated with or arising from the settlement administration and notice program. The Costs of Notice and Administration shall be paid to the Settlement Administrator as set forth in this Agreement.

1.10   "Court" or "Federal Court" means the United States District Court for the District of Maryland.

---

[3] All time periods provided by this Agreement are stated in calendar days, not business days, unless otherwise specifically indicated. A day ends at midnight Eastern Time.

1.11    "Data Security Incident" means the alleged viewing and/or exfiltration of data pertaining to the Settlement Class between February 14, 2025 and May 13, 2025.

1.12    "Defendant" or "AAD" means Anne Arundel Dermatology, P.A.

1.13    "Defendant's Counsel" or "AAD's Counsel" means Brenda R. Sharton, Benjamin M. Sadun, and Theodore E. Yale of Dechert LLP.

1.14    "Effective Date" of this Agreement means the last date by which all of the following have occurred:

a.    The Parties have executed this Agreement;

b.    Plaintiffs have submitted to the Court and the Court has entered the Final Approval Order and Judgment without material changes to the Parties' proposed Final Approval Order and Judgment; and

c.    The time for seeking rehearing, appellate or other review of the Final Approval Order has expired, or the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing review, appeal, or certiorari could be taken has finally expired.

1.15    "Final Approval Hearing" means the hearing to be held after Notice has been provided to Settlement Class Members, to determine whether the Settlement should obtain final approval.

1.16    "Final Approval Order and Judgment" or "Final Approval" means an order signed and entered by the Court, which approves this Settlement, the Release and enters judgment and dismisses the Actions with prejudice, in a form mutually agreeable to Defendant and Class Counsel, pursuant to the procedure set forth in Paragraph

7.1, and, once finalized, shall be incorporated herein as Exhibit B. If the Court issues separate orders addressing the matters constituting Final Approval and Judgment, then the Final Approval Order and Judgment includes all such orders.

1.17 "Net Settlement Fund" means the monies remaining in the Settlement Fund after the Costs of Notice and Administration, Service Award, and Attorneys' Fees and Expenses are deducted.

1.18 "Notice" means notice of the proposed class action Settlement to be provided to Settlement Class Members.

1.19 "Notice Deadline" means the date thirty (30) days after AAD's provision of the Class List to the Settlement Administrator.

1.20 "Objection Deadline" means the day sixty (60) days after the Notice Deadline.

1.21 "Opt Out Deadline" means sixty (60) days after the Notice Deadline.

1.22 "Parties" means the Settlement Class Representatives, on behalf of themselves and the Settlement Class, and AAD.

1.23 "Parties' Counsel" means Class Counsel and AAD's Counsel.

1.24 "Personal Information" means individuals' names, addresses, email addresses, birth dates, genders, date(s) of service, service locations, practitioners' names, imaging reports, diagnoses, treatments provided, medical dosages, medical record numbers or other patient identifiers, relative names, power of attorney names, health insurance numbers, diagnostic study identifiers, patient identifiers, and Social Security Numbers.

1.25 "Preliminary Approval Order" or "Preliminary Approval" means the entry of an Order of Preliminary Approval in the form that shall be mutually agreeable to

11

Defendant and Class Counsel, pursuant to the procedure set forth in Paragraph 7.1, and, once finalized, shall be incorporated herein as Exhibit C, or substantially in that form to the satisfaction of the Parties.

1.26 "Release" means the release of all claims as described in Section 14.

1.27 "Released Claims" mean any and all past, present, and future liabilities, causes of action, charges, complaints, suits, claims, obligations, costs, losses, damages, statutory fees, rights, judgments, attorneys' fees, expenses, bonds, bills, penalties, fines, and all other legal responsibilities and compensation of any form whatsoever, whether known or unknown, whether presently existing or arising in the future, whether suspected or unsuspected, whether fixed or contingent, including those arising under any theory of law, whether common, constitutional, statutory, or other of any jurisdiction, foreign or domestic (including but not limited to the laws of the United States, any of the fifty U.S. states, or any subdivision thereof, or the District of Columbia or any U.S. territory), whether in law or in equity, including but not limited to all claims which Releasing Parties asserted or could have asserted in the Actions or the State Action relating to the Data Security Incident and/or AAD's alleged disclosure of information about prospective and actual patients, including their financial information, actual or potential dermatologists, the clinics they visited or may visit, and their personal identities, without those patients' (and other persons') knowledge, authorization, or consent on or before the date of the Preliminary Approval Order.

1.28 "Released Parties" means AAD and each of its respective past, present, and future parents, investors, shareholders, divisions, subdivisions, companies, subsidiaries,

affiliates, departments, managers, licensees, sublicensees, trustees, creditors, partners, joint venturers, principals, officers, stockholders, directors, employees, staff, agents, representatives, attorneys, predecessors, successors, assigns, assignees, heirs, executors, contractors, vendors, insurers, and reinsurers, including but not limited to any AAD-affiliated physicians, branches, clinics, offices, or medical practices and/or their staff or employees and/or each person acting or purporting to act for them or on their behalf

1.29 "Releasing Parties" means the Settlement Class Members and Settlement Class Representatives on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf.

1.30 "Service Award" means a payment made, subject to Court-approval, to the Settlement Class Representatives for their service in bringing these Actions.

1.31 "Settlement Administrator" means the settlement administrator to be chosen by mutual agreement of the Parties within seven (7) days of the execution of this Agreement. A different Settlement Administrator may be substituted if agreed to by the Parties and approved by order of the Court.

1.32 "Settlement Benefits Plan" means the plan for processing claims and for distributing Settlement benefits to Settlement Class Members, which shall be presented by Class Counsel to the Court for approval in connection with a motion seeking a Preliminary Approval Order.

1.33 "Settlement Class" or "Settlement Class Members" means all persons in the United States who provided personal information, including but not limited to PII or PHI,

13

to AAD, or about whom AAD otherwise collected, received, or possessed personal information, including but not limited to PII or PHI, on or before this Agreement's execution.. Excluded from the Settlement Class are (i) AAD, any entity in which AAD has a controlling interest, and AAD's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Actions and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement. It is estimated that there are approximately 1,905,338 persons in the Settlement Class.

1.34    "Settlement Class Representatives" or "Plaintiffs" means Natalia Correa, Peyton Sulkowski, Jennifer Longwell, Shemika Jones, Brice Farris, Michael Straw, Barbara Buracker, Paul Gale, Earl Beville Jr., Steven Boehm, Paul Madigan, Heidi Shell, Troy Botteon, Richard Bernard, Jason Tyson, Crystal Hall, Terri Wilson, Raven Martin, Jacqueline Smith, Alunda Mitchell (on behalf of J.D., a minor), Diana Wilson, and George Tyler.

1.35    "Settlement Fund" means the two million four hundred thousand United States Dollars ($2,400,000) that AAD shall pay pursuant to Section 3 of this Agreement.

1.36    "Settlement Fund Account" means the account described in Section 4 of this Agreement.

1.37    "Settlement Payments" means any payment to be made to Settlement Class Members who have filed Approved Claims.

1.38    "Settlement Website" means the website that the Settlement Administrator will establish as soon as practicable following entry of the Preliminary Approval Order, but no later than the Notice Deadline, as a means for Settlement Class Members to

14

obtain notice of and information about the Settlement, including hyperlinked access to the Settlement, Notice, Preliminary Approval Order, operative complaint(s), and such other documents as Class Counsel and AAD's Counsel mutually agree to post, or that the Court orders posted, on the website. These documents shall remain on the Settlement Website at least sixty (60) days after the Effective Date. The URL of the Settlement Website shall be mutually agreed to by the Parties. Settlement Class Members shall also be able to submit Claim Forms electronically via the Settlement Website. The Settlement Website shall be approved by Class Counsel and Defendant's Counsel before it goes live, shall not include any advertising, and shall remain operational until at least sixty (60) days after the Effective Date.

1.39   "Taxes" means (i) any applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest, or penalties) arising in any jurisdiction with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon the Parties or the Parties' Counsel with respect to any income or gains earned by or in respect of the Settlement Fund; (ii) any other taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest, or penalties) relating to the Settlement Fund that the Settlement Administrator determines are or will become due and owing, if any; and (iii) any and all expenses, liabilities, and costs incurred in connection with the taxation of the Settlement Fund (including without limitation, expenses of tax attorneys and accountants).

## 2.   Settlement Class Certification.

2.1   The Parties agree, for purposes of this Settlement only, to the certification of the Settlement Class. If the Settlement set forth in this Settlement Agreement is not

15

approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided herein, will be vacated and the Actions shall proceed as though the Settlement Class had never been certified, without prejudice to any Party's position on the issue of class certification or any other issue. The Parties' agreement to certification of the Settlement Class is also without prejudice to any position asserted by the Parties in any other proceeding, case, or action, as to which all of their rights are specifically preserved.

2.2    The Parties have not made, nor is any court required to make, any evaluation or finding regarding the manageability of trying the Actions as a class action within the meaning of Federal Rule of Civil Procedure 23.

3.    **The Settlement Fund.**

3.1    AAD agrees to make or cause to be made a non-reversionary settlement payment of two million four hundred thousand United States Dollars ($2,400,000) into the Settlement Fund as follows:

a.    Within thirty (30) business days of the Court entering the Preliminary Approval Order and receipt of payment information and a W-9 for the Settlement Administrator, or by April 1, 2026, whichever is later, AAD shall pay or cause to be paid eight-hundred thousand United States Dollars ($800,000) to pay for the Costs of Notice and Administration; and

b.    Within thirty (30) days of the Effective Date, or by January 5, 2027, whichever is later, AAD shall fund or cause to be funded, the remaining balance of the Settlement Fund (i.e., $1,600,000).

3.2    The Settlement Class is estimated to consist of 1,905,338 individuals.

16

3.3    The Settlement Fund shall be used to pay for:

    a.    Costs of Notice and Administration;

    b.    Service Awards approved by the Court;

    c.    Attorneys' Fees and Expenses approved by the Court; and

    d.    Settlement Payments for the Settlement Class as provided for in this Agreement, the Settlement Benefits Plan to be filed by Class Counsel, and approved by the Court.

3.4    Under no circumstances shall AAD be obligated to pay or cause to be paid more than two million four hundred thousand United States Dollars ($2,400,000).

3.5    Class Counsel and/or the Settlement Administrator shall furnish to AAD any required account information, wiring instructions, or necessary forms (including a properly completed and signed IRS Form W-9 that includes the employer identification number for the Settlement Fund Account) within ten (10) business days of the Court entering the Preliminary Approval Order. Class Counsel and/or the Settlement Administrator shall furnish to AAD updated account information, wiring instructions, or necessary forms (including a properly completed and signed IRS Form W-9 that includes the employer identification number for the Settlement Fund Account) or confirm the accuracy of the previously provided information and forms within ten (10) days of the Effective Date.

## 4. The Settlement Fund Account.

4.1    The Settlement Fund monies shall be held in the Settlement Fund Account, which shall be established and maintained by the Settlement Administrator.

4.2    All funds held in the Settlement Fund Account shall be deemed to be in the custody of the Court until such time as the funds shall be disbursed pursuant to this Agreement or further order of the Court.

4.3    No amounts may be withdrawn from the Settlement Fund Account unless (i) authorized by this Agreement and the Settlement Benefits Plan, after approval by the Court; or (ii) otherwise approved by the Court.

4.4    The Parties agree that the Settlement Fund Account is intended to constitute a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1, *et seq*., and that the Settlement Administrator shall be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3). The Parties further agree that the Settlement Fund Account shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund Account as a qualified settlement fund from the earliest date possible.

4.5    Upon or before establishment of the Settlement Fund Account, the Settlement Administrator shall apply for an employer identification number for the Settlement Fund Account utilizing IRS Form SS-4 and in accordance with Treasury Regulation § 1.468B- 2(k)(4), and shall provide AAD with that employer identification number on a properly completed and signed IRS Form W-9.

4.6    The Settlement Administrator shall file or cause to be filed, on behalf of the Settlement Fund Account, all required federal, state, and local tax returns, information returns, including, but not limited to, any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury

18

Regulation § 1.468B-2(k)(l) and Treasury Regulation § l.468B-2(1)(2). Any contract, agreement, or understanding with the Settlement Administrator relating to the Settlement Fund Account shall require the Settlement Administrator or its agent to file or cause to be filed, on behalf of the Settlement Fund Account, all required federal, state, and local tax returns, information returns, including, but not limited to any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(1) and Treasury Regulation § l.468B-2(1)(2). The Settlement Administrator may, if necessary, secure the advice of a certified public accounting firm in connection with its duties and tax issues arising hereunder, the costs of which shall be considered Costs of Notice and Administration, and paid from the Settlement Fund.

4.7    All Taxes relating to the Settlement Fund Account shall be paid out of the Settlement Fund Account, shall be treated as Costs of Notice and Administration, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund Account shall indemnify and hold harmless the Parties and the Parties' Counsel for Taxes (including, without limitation, taxes payable by reason of any such indemnification payments).

4.8    Other than the payment of the Settlement Fund monies as described in Section 3.1 of this Agreement, AAD shall have no responsibility, financial obligation, or liability whatsoever with respect to selection of the Settlement Fund Account, investment of Settlement Fund Account funds, payment of federal, state, and local income, employment, unemployment, excise, and any other Taxes, penalties, interest, or other charges related to Taxes imposed on the Settlement Fund Account

19

or its disbursements, payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the Settlement Fund Account.

**5.    Settlement Payments to Settlement Class Members.**

5.1    <u>Filing of Approved Claims.</u> Only Settlement Class Members who submit Approved Claims during the Claims Period will receive a Settlement Payment under the Settlement.

a.    The Claims Period will run for one hundred twenty (120) days after the Notice Deadline.

b.    Settlement Class Members may submit a Claim Form to the Settlement Administrator electronically through the Settlement Website or by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked on or before the final day of the Claims Period (i.e., by the end of the one hundred twentieth (120th) calendar day following the Notice Deadline). All Claim Forms must be submitted during the Claims Period and in the manner set forth in this Agreement although the parties may allow for the submission of late Claim Forms.

c.    In its discretion, to be reasonably exercised, the Settlement Administrator will review all Claim Forms submitted for completeness and accuracy. The Settlement Administrator may require supplementation of a completed Claim Form or additional information needed to validate or audit a claim. To the extent that a Settlement Class Member fails to provide any supplementation or additional information if requested, the Settlement Administrator may determine that the Settlement Class Member failed to submit a valid claim and therefore reject that claim.  Decisions of the

Settlement Administrator as to the validity of any claims are final and cannot be appealed.

    d.    The Settlement Administrator will process valid claims of Settlement Class Members and distribute payments as soon as practicable after the Effective Date in accordance with the terms of this Agreement.

5.2    Settlement Benefits Plan. In connection with the Preliminary Approval Motion, Class Counsel shall present the Settlement Benefits Plan to the Court for approval, in a form agreed upon by Class Counsel and AAD, pursuant to the procedure set forth in Paragraph 7.1, and, once finalized, shall be incorporated herein as Exhibit D. The Settlement Benefits Plan shall describe in detail, among other things: (i) the benefits available to Settlement Class Members; and (ii) the process for submitting claims for such benefits.

    a.    The Settlement Administrator shall be responsible for implementing and executing the Settlement Benefits Plan.

    b.    As specified in Section 3.3, the costs associated with any benefits provided to Settlement Class Members under the Settlement Benefits Plan shall be paid from the Settlement Fund.

**6.    Payment of Service Awards and Attorneys' Fees and Expenses.**

6.1    Service Awards. The Settlement Class Representatives and Class Counsel shall submit a request to the Court for payment of a Service Award not to exceed $1,500.00 per Settlement Class Representative. To be eligible for a Service Award, each Settlement Class Representative must complete and submit a valid Claim Form to the Settlement Administrator under the procedure set forth in Section 5.1 above, which among other things means agreeing to the Release. The request for

21

the Service Award must be filed with the Court no later than twenty-one (21) days before the Objection Deadline. If approved by the Court, such Service Awards shall be paid by the Settlement Administrator from the Settlement Fund within forty-five (45) days of the Effective Date. Any Service Award and any requirements for obtaining any such payment are separate and apart from, and in addition to, any potential recovery by the Settlement Class Representatives as a Settlement Class Member.

a.    The Parties agree that the effectiveness of this Agreement is not contingent upon the Court's approval of the payment of any Service Award. If the Court declines to approve, in whole or in part, a request for a Service Award, all remaining provisions in this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of a Service Award, or the amount thereof, shall be grounds for cancellation or termination of this Agreement.

6.2    <u>Attorneys' Fees and Expenses.</u> Class Counsel shall submit a request to the Court for payment of Attorneys' Fees, expressed as a percentage of the value conferred by the Settlement on the Settlement Class, and for reimbursement of Expenses incurred in prosecuting and settling the Litigation. Any request for Attorneys' Fees and Expenses must be filed with the Court at least twenty-one (21) days before the Objection Deadline. If approved by the Court, such Attorneys' Fees and Expenses shall be paid by the Settlement Administrator from the Settlement Fund within forty-five (45) days of the Effective Date or by January 20, 2027, whichever is later.

22

a.      The Parties agree that the effectiveness of this Agreement is not contingent upon the Court's approval of the payment of any Attorneys' Fees or Expenses. If the Court declines to approve, in whole or in part, a request for Attorneys' Fees or Expenses, all remaining provisions in this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of Attorneys' Fees or Expenses, or the amount thereof, shall be grounds for cancellation or termination of this Agreement.

**7.     Presentation of Settlement to the Court.**

7.1     <u>Finalization of Exhibits.</u> Within fourteen (14) days following the execution of this Agreement, Class Counsel shall provide to Defendant's Counsel a draft Benefits Plan, Claim Form, Email Notice, Long Form Notice, Preliminary Approval Order, and Final Approval Order (collectively, the "Exhibits"). The Parties shall confer and negotiate in good faith to agree on the form and contents of the Exhibits. Once a full set of draft Exhibits has been agreed to by Defendant and Class Counsel, those versions shall be deemed to be incorporated into this Agreement and may not be amended or modified thereafter except by mutual written agreement.

7.2     <u>Preliminary Approval.</u> Within forty-five (45) days following execution of this Agreement, Class Counsel shall file a motion seeking an order granting the Preliminary Approval Order (the "Preliminary Approval Motion"). Such motion shall also include and seek approval of the proposed Notice and the Settlement Benefits Plan.

a.      Among other things, the Preliminary Approval Motion will ask the Court to: (a) preliminarily approve the terms of the Settlement as within the range

23

of what is fair, adequate, and reasonable; (b) provisionally certify the Settlement Class pursuant to Fed. R. Civ. P. 23; (c) approve the Settlement Administrator, notice program set forth herein, form and content of the Notice, and Claim Form; (d) approve the procedures set forth in this Settlement for Settlement Class Members to exclude themselves from the Settlement Class or to object to the Settlement; (e) stay and/or enjoin, pending Final Approval of the Settlement, any actions brought by Settlement Class Members concerning any Released Claims; (f) appoint Class Counsel and Settlement Class Representatives; and (g) schedule a Final Approval Hearing at a date that provides sufficient time for the deadlines contemplated by this Settlement and that is convenient for the Court, at which time the Court will conduct an inquiry into the fairness, reasonableness, and adequacy of the Settlement, determine whether it was made in good faith and should be finally approved, as well as determine whether to approve Class Counsel's application for Attorneys' Fees and Expenses and Service Award.

7.3    In support of Plaintiffs' motion for preliminary approval, and contemporaneously therewith, AAD will provide a confidential *in camera* statement to the Court regarding the company's financial condition.

7.4    <u>Settlement Benefits Plan.</u> In connection with the Preliminary Approval Motion, Class Counsel shall present to the Court for approval the Settlement Benefits Plan, which shall describe in detail, among other things: (i) the benefits available to Settlement Class Members; and (ii) the process and timing for submitting claims

for such benefits. The Settlement Administrator shall be responsible for implementing and executing the Settlement Benefits Plan.

7.5    Final Approval. By no later than thirty (30) days prior to the Final Approval Hearing, Class Counsel shall move the Court to enter the Final Approval Order and Judgment (the "Final Approval Motion"). Class Counsel shall move the Court for approval of Attorneys' Fees and Expenses and Service Award no later than twenty-one (21) days prior to the Objection Deadline. Objectors, if any, shall file any responses to Class Counsel's motions no later than seventeen (17) days prior to the Final Approval Hearing. By no later than ten (10) days prior to the Final Approval Hearing, responses to any filings by objectors shall be filed, if any, as well as any replies in support of final approval of the Settlement or Class Counsel's application for Attorneys' Fee and Expenses and Service Award. In the Court's discretion, the Court also may hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel), who object to the Settlement and/or Class Counsel's request for Attorneys' Fees and Expenses and Service Awards, provided the objectors filed timely objections that meet all the requirements listed in this Agreement.

7.6    Class Counsel shall provide drafts of the papers described in Sections 7.2 and 7.5 to Defendant's Counsel at least forty-eight (48) hours before filing.

7.7    At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and Judgment, and whether to approve Class Counsel's Application for Attorneys' Fees and Expenses and Service Awards. The proposed Final Approval Order and Judgment that will be filed with the Final

Approval Motion shall be in a form agreed upon by Class Counsel and AAD, as set forth above in Paragraphs 1.16 and 7.1. Such proposed Final Approval Order and Judgment shall, among other things:

a.    Determine that the Settlement is fair, adequate, and reasonable;

b.    Finally certify the Settlement Class for settlement purposes only;

c.    Determine that the Notice provided satisfied the Federal Rules of Civil Procedure and due process requirements;

d.    Dismiss all claims in the Actions as to the Defendant Released Parties with prejudice;

e.    Bar and enjoin the Releasing Parties from asserting any of the Released Claims, including during the pendency of any appeal from Final Approval;

f.    Release and forever discharge the Defendant Released Parties from the Released Claims as provided in this Settlement;

g.    Reserve the Court's continuing and exclusive jurisdiction over AAD and all Settlement Class Members (including all objectors) to administer, supervise, construe, and enforce this Settlement in accordance with its terms; and

h.    Enter judgment in the Actions.

**8.    Duties of Settlement Administrator.**

8.1    Class Counsel will retain, subject to Court-approval—and AAD's approval, which shall not be unreasonably withheld—an independent Settlement Administrator.

8.2    The Settlement Administrator shall perform the functions and duties necessary to effectuate the Settlement and as specified in this Agreement and the Settlement

Benefits Plan after Court approval, and any other functions approved by the Court, including, but not limited to, the following:

a.  Obtaining the Class List for the purpose of disseminating Notice to Settlement Class Members;

b.  Providing Notice to Settlement Class Members;

c.  Establishing and maintaining the Settlement Website;

d.  Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries timely;

e.  Timely responding to any Settlement Class Member inquiries;

f.  Reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members;

g.  Receiving requests to opt out and objections from Settlement Class Members and providing Class Counsel and Defendant's Counsel a copy thereof no later than fifteen (15) days following the deadline for submission of the same. If the Settlement Administrator receives any requests to opt out, objections, or other requests from Settlement Class Members after the Opt-Out and Objection Deadlines, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

h.  After the Effective Date, processing and transmitting Settlement Payments to Settlement Class Members, Service Awards to Settlement Class

Representatives, and the approved Attorneys' Fee and Expenses to Class Counsel;

i.    Providing weekly or other periodic reports to Class Counsel and Defendant's Counsel that include information regarding the number of Claims and later, settlement payments sent and delivered, payments accepted and cashed, undeliverable information, and any other requested information relating to filed Claim Forms and Settlement Payments. The Settlement Administrator shall also, as requested by Class Counsel or Defendant's Counsel and from time to time, provide the amounts remaining from any funds paid by Defendant.

j.    In advance of the Final Approval Hearing, preparing an affidavit or declaration upon request to submit to the Court that: (i) attests to implementation of Notice in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member who timely and properly submitted a request for exclusion;

k.    Filing and paying any required taxes that may be due and payable; and

l.    Performing any function related to settlement administration at the agreed-upon instruction of Class Counsel or Defendant's Counsel, including, but not limited to, verifying that Settlement Payments have been distributed.

8.3    The Settlement Administrator will provide a draft of the CAFA notice to Defendant's Counsel for review and edits as soon as practicable following, but in no event later than five (5) days after, this Agreement is filed with the Court.

8.4     The Settlement Administrator will serve or cause to be served the CAFA Notice, no later than ten (10) days after this Agreement is filed with the Court.

8.5     Neither the Parties nor the Parties' Counsel shall have any liability whatsoever with respect to any act or omission of the Settlement Administrator, or any of its designees or agents, in connection with its performance of its duties under this Agreement or the Settlement Benefits Plan, once approved by the Court.

8.6     The Settlement Administrator shall indemnify and hold harmless the Parties and the Parties' Counsel for any liability arising from any act or omission of the Settlement Administrator, or any of its designees or agents, in connection with its performance of its duties under this Agreement or the Settlement Benefits Plan, once approved by the Court.

9.      **Notice to Settlement Class Members.**

9.1 Within ten (10) days after the entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the Class List. The Class List shall be the same individuals whom AAD notified in connection with the Data Security Incident.

9.2     Following Defendant's provision of the Class List to the Settlement Administrator, Notice to the Settlement Class shall be provided in the following manner by the Notice Deadline:

a.      A Notice, in a form mutually agreeable to Defendant and Class Counsel, pursuant to the procedure set forth in Paragraph 7.1, and, once finalized, incorporated herein as Exhibit E (the "Short Form Notice") shall be emailed by the Settlement Administrator. Email shall be the exclusive means of notice. The Notice will advise Settlement Class Members of the allegations

29

asserted in the Actions, how to file a claim, how to exclude themselves from the Settlement, how to object to the Settlement, and of the Settlement Website.

b.  Before emailing the Notice, the Settlement Administrator will update each Settlement Class Member's email address through a reliable service of the Settlement Administrator's choosing that is consistent with its customary business practices. If any email Notice is returned to the Settlement Administrator as undelivered and a forwarding address is provided, the Settlement Administrator will re-email one additional time to the new email address. For those Notices returned to the Settlement Administrator as undeliverable with no forwarding address, the Settlement Administrator will make reasonable efforts to locate an updated email address, and, where such an address is found, will re-email the notice to the updated address. For the avoidance of doubt, any individual on the Class List provided by AAD to the Settlement Administrator shall be deemed a Settlement Class Member despite the inability of the Settlement Administrator to provide notice to the individual.

c.  The Settlement Administrator shall post the "Long Form Notice," in a form mutually agreeable to Defendant and Class Counsel pursuant to the procedure set forth in Paragraph 7.1, and, once finalized, incorporated herein as Exhibit F and Claim Form on the Settlement Website established

30

by the Settlement Administrator. The Settlement Administrator shall also provide Settlement Class Members the ability to submit the information for the Claim Form electronically via the Settlement Website.

10. **Opt-Outs.**

10.1    The Notice shall include a procedure for Settlement Class Members to opt out from the Settlement by notifying, in writing, the Settlement Administrator of their intent to exclude themselves from the Settlement. Such written requests for exclusion must be postmarked no later than the Opt Out Deadline. The written request for exclusion must include:

a.    The name of this litigation or a decipherable approximation, *i.e., In re Anne Arundel Data Breach Litigation*, No. 1:25-cv-022743-GLR (D. Md.);

b.    The full name, address, and telephone number of the Settlement Class Member; or the full name, address, telephone number, relationship, and signature of the Settlement Class Member or of any individual acting on behalf of the Settlement Class Member; and

c.    The words "Opt-Out" or "Request for Exclusion" at the top of the document or a statement in the body of the document requesting exclusion from the Settlement.

10.2    Opt-out requests seeking exclusion on behalf of more than one individual shall be invalid.

10.3    Any individual who submits a valid and timely request for exclusion in the matter described herein shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected

31

by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement.

10.4 Any Settlement Class Member who does not provide a timely request for exclusion for any reason, including lack of actual notice, or who does not provide all information required by this Settlement to exclude himself or herself, shall be bound by the terms of the Settlement, including all releases in the Settlement.

## 11. Objections.

11.1 The Notice shall include a procedure for Settlement Class Members to object to the Settlement, Class Counsel's request for attorneys' fees, and expenses, and/or the application for Service Awards. Objections to the Settlement, Class Counsel's request for Attorneys' Fees and Expenses and/or to the application for Service Award must be filed electronically with the Court or mailed to the Clerk of the Court. Objections must be: (a) filed by the Objection Deadline; or (b) mailed via USPS First Class Mail prepaid to the Clerk of Court at the address listed in the Notice and postmarked by no later than the Objection Deadline, as specified in the Notice. Each Settlement Class Member desiring to object to the settlement shall submit a timely written notice of his or her objection.

11.2 Any objection must by in writing and must:

a. Clearly identify the case name and number: *In re Anne Arundel Data Breach Litigation*, No. 1:25-cv-022743-GLR (D. Md.);

b. Include the full name, address, telephone number, and email address of the person objecting;

c. Include the full name, address, telephone number, and email address of the objector's counsel (if the objector is represented by counsel);

32

d.   State whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and also state with specificity the grounds for the objection;

e.   Confirm whether the objector or counsel on the objector's behalf will personally appear and/or testify at the Final Approval Hearing;

f.   If the objector is represented by counsel, list all previous cases in which the objector's counsel has made objections to class actions settlements in the previous twenty-four (24) months and the outcome of those objections, and

g.   Provide the objector's signature and the signature of the objector's duly authorized counsel or other duly authorized representative.

11.3   Settlement Class Members who fail to file and serve timely written objections in the manner specified above for any reason shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

11.4   Any Settlement Class Member who both objects to the Settlement and opts out will be deemed to have opted out, and the objection shall be deemed null and void.

11.5   Any Settlement Class Member or counsel who objects to the Settlement (or represents an objector) may be subject to discovery upon Order of the Court.

**12.   Representations and Warranties.**

12.1   Each Party represents that:

a.   Such Party has the full legal right, power, and authority to enter into and perform this Agreement, subject to Court approval;

b.   Such Party is voluntarily entering into this Agreement as a result of arm's-length negotiations conducted by its counsel;

33

c.     Such Party is relying upon its own judgment, belief, and knowledge, and the advice and recommendations of its own independently selected counsel, concerning the nature, extent, and duration of its rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

d.     Such Party has been represented by, and consulted with, the counsel of its choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and has been given the opportunity to review independently this Agreement with such counsel and agree to the language of the provisions herein;

e.     The execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party;

f.     Except as provided herein, such Party has not been influenced to any extent in executing the Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party to the Agreement;

g.     Each Party assumes the risk of mistake as to fact or law;

h.     This Agreement constitutes a valid, binding, and enforceable agreement; and

i.     No consent or approval of any person or entity is necessary for such Party to enter into this Agreement.

12.2    The Settlement Class Representatives represent and warrant that they have not assigned or otherwise transferred any interest in any of the Released Claims against any of the Defendant Released Parties, and further covenants that they will not assign or otherwise transfer any interest in any of the Released Claims against any of the Defendant Released Parties.

12.3    The Settlement Class Representatives represent and warrant that they have no surviving claim or cause of action against any of the Defendant Released Parties not fully resolved and extinguished by this Agreement in connection with or relating to any of the Released Claims or otherwise.

**13.    Releases.**

13.1    As of the Effective Date, all Releasing Parties, on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and forever release and discharge any and all Released Claims against the Released Parties except for claims relating to the enforcement of this Agreement.

13.2    Except for Settlement Class members who have validly and timely elected to exclude themselves from or opt out of the Settlement Class, each member of the Settlement Class is barred and permanently enjoined from bringing on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any of the Released Claims against the Defendant Released Parties in any forum, action, or proceeding of any kind.

13.3    With respect to all Released Claims, Plaintiffs and each of the other Settlement Class Members agree that they are expressly waiving and relinquishing to the

35

fullest extent permitted by law (a) the provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

and (b) any law of any state or territory of the United States, federal law or principle of common law, or of international or foreign law, that is similar, comparable or equivalent to Section 1542 of the California Civil Code.

13.4    The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Agreement, including the releases contained herein, shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein. Notwithstanding any other provision of this Agreement (including, without limitation, this Section), nothing in this Agreement shall be deemed to in any way impair, limit, or preclude the Parties' rights to enforce any provision of this Agreement, or any court order implementing this Agreement, in a manner consistent with the terms of this Agreement.

**14.    Termination.**

14.1    This Agreement may be terminated by either the Settlement Class Representatives or AAD by serving on counsel for the opposing party and filing with the Court, a notice of termination within ten (10) days (or such longer time as may be agreed between Class Counsel and AAD) after any of the following occurrences:

a.    Class Counsel and AAD mutually agree to termination before the Effective Date;

b.    The Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement as set forth in this Agreement;

c.    An appellate court reverses the Final Approval Order and Judgment, and the Settlement is not reinstated and finally approved without material change by the Court on remand;

d.    The Court or any reviewing appellate court incorporates material items or provisions into, or deletes or strikes material terms or provisions from, or materially modifies, amends, or changes, the proposed Preliminary Approval Order, the proposed Final Approval Order, or the Settlement; or

e.    The Effective Date does not occur.

14.2    If this Agreement is terminated pursuant to Section 15.1, the following shall occur:

a.    Within ten (10) days of receiving notice of a termination event from Defendant's Counsel, the Settlement Administrator shall pay to AAD an amount equal to the Settlement Fund, together with any interest or other income earned thereon, less: (i) any Taxes paid or due with respect to such income and (ii) any reasonable and necessary Costs of Notice and

Administration already actually incurred and paid or payable from the Settlement Fund pursuant to the terms of this Agreement;

b.    The Parties shall return to the status quo in the Actions as if the Parties had not entered into this Agreement;

c.    Any Court orders approving certification of the Settlement Class and any other orders entered pursuant to this Agreement shall be null and void and vacated, and neither those orders nor any statements made in connection with seeking approval of the Agreement may be used in or cited by any person or entity in support of claims or defenses or in support or in opposition to a future class certification motion in connection with any further proceedings in the Actions or in any other action, lawsuit, arbitration, or other proceeding involving a Released Claim; and

d.    This Agreement shall become null and void, and the fact of this Settlement and the fact that AAD did not oppose certification of the Settlement Class shall not be used or cited by any person or entity in support of claims or defenses or in support of or in opposition to a future class certification motion in connection with any further proceedings in the Actions or in any other action, lawsuit, arbitration, or other proceeding involving a Released Claim.

## 15.   No Admission of Wrongdoing.

15.1   AAD denies each and every claim and contention alleged against it in the Actions and the State Action and all charges of wrongdoing or liability alleged against it and maintains that it acted lawfully at all times. Nonetheless, Defendant and its counsel have concluded that further continuation of the Actions would be protracted

and expensive, and that it is desirable that the Actions be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. Therefore, AAD is entering into this Settlement solely to avoid the time and expense of further litigation.

15.2   Neither the Settlement Agreement, nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (i) is, or may be deemed to be, or may be used as, an admission or evidence of the validity, or lack thereof, of any Released Claims, wrongdoing, or liability of the Defendant Released Parties; or (ii) is, or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission, in any civil, criminal, and/or administrative proceeding in any court, administrative agency, and/or other tribunal or proceeding. Notwithstanding the foregoing, any of the Defendant Released Parties may file the Settlement Agreement and/or the Final Approval Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

## 16.   Notices.

16.1   All notices to Class Counsel provided for in this Agreement shall be sent by either email or USPS First Class mail to the following:

James J. Pizzirusso
HAUSFELD LLP
1201 17th Street N.W., Suite 600
Washington, D.C. 20036
202-540-7200

Email: jpizzirusso@hausfeld.com

Gary Klinger
MILBERG LLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
866-252-0878
Email: gklinger@milberg.com

Tyler J. Bean
SIRI & GLIMSTAD LLP
745 Fifth Avenue, Suite 500
New York, New York 10151
212-532-1091
Email: tbean@sirillp.com

16.2    All notices to AAD or AAD's Counsel provided for in this Agreement shall be sent

by either email or USPS First Class mail to the following:

Brenda R. Sharton
DECHERT LLP
One International Place, 40th Floor
100 Oliver Street
Boston, MA 02110
617-728-7100
Email: brenda.sharton@dechert.com

Benjamin M. Sadun
DECHERT LLP
633 W. Fifth Street
Ste 4900
Los Angeles, CA 90071
213-808-5700
Email: benjamin.sadun@dechert.com

Theodore E. Yale
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
theodore.yale@dechert.com

16.3    The notice recipients and addresses designed in this Section may be changed by written notice posted to the Settlement Website.

**17.    Miscellaneous Provisions.**

17.1    <u>Further Steps</u>. The Parties agree that they each shall undertake any further required steps to effectuate the purposes and intent of this Agreement.

17.2    <u>Cooperation.</u> The Parties: (i) acknowledge that it is their intent to consummate this Settlement Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Settlement Agreement.

17.3    <u>Settlement Class Member Communications.</u> Defendant shall not authorize any communication that is intended or reasonably likely to encourage Settlement Class Members to exclude themselves from the Settlement or to object to the Settlement. Defendant may, however, continue any and all ordinary-course-of-business communications with Settlement Class Members. Defendant may further, in its discretion, authorize communications referring all questions from Settlement Class Members regarding the Settlement to the Notice, Class Counsel, the Settlement Administrator, and the Settlement Website.

17.4    <u>Authority.</u> The signatories hereto hereby represent that they are fully authorized to enter into this Settlement and to bind the Parties hereto to the terms and conditions hereof. Any person executing this Settlement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Settlement to all of the terms and provisions of this Settlement.

41

17.5    Recitals. The recitals set forth above shall be and hereby are terms of this Agreement as if set forth herein.

17.6    Headings. Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

17.7    Integration. This Agreement (along with any exhibits attached hereto) constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

17.8    Exhibits. The exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

17.9    Drafting. The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purposes of the invocation of the doctrine of contra proferentem. This Agreement is a collaborative effort of the Parties and their attorneys.

17.10    Singular and Plurals. As used in this Agreement, all references to the plural shall also mean the singular and all references to the singular shall also mean the plural whenever the context so indicates.

17.11    Modification or Amendment. The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their

respective successors-in-interest. Modification of the Settlement Agreement following Preliminary Approval will require approval of the Court.

17.12   Waiver. The waiver by one Party of any breach of the Settlement by any other shall not be deemed a waiver, by that Party or by any other Party to the Settlement, of any other prior or subsequent breach of the Settlement.

17.13   Severability. Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder.

17.14   Counterparts. The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

17.15   Electronic Mail. Transmission of a signed Agreement by electronic mail shall constitute receipt of an original signed Agreement by mail.

17.16   Successors and Assigns. The Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties to the Settlement.

17.17   Governing Law. The construction, interpretation, operation, effect, and validity of the Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of Maryland, without regard to conflicts of laws, except to the extent federal law requires that federal law govern.

17.18   Retention of Jurisdiction. The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the terms of this Agreement. The Court also shall retain exclusive jurisdiction over any determination of whether any subsequent suit is released by the Settlement Agreement.

17.19   Arm's-Length Negotiation. The Parties agree that the amounts paid, and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

17.20   No Collateral Attack. The Settlement Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after the Final Approval Order and Judgment is entered.

17.21   Representations/Warranties Regarding Other Potential Plaintiffs or Legal Claims. Class Counsel represent and warrant that they do not represent any clients, or have knowledge of any potential clients, with claims or potential claims against AAD or Released Parties aside from the Released Claims. Plaintiffs and Class Counsel each represent and warrant that neither of them is aware of any potential plaintiff, or any attorney other than Class Counsel, who intends to make demands or bring litigation against AAD or Released Parties. Plaintiffs and Class Counsel each further represent and warrant that neither of them has been notified or otherwise informed

44

of any such intention or consideration thereof. Plaintiffs and Class Counsel each further represent and warrant that neither of them have been referred to any other attorney or any other individual alleging to have, or are asserting, pursuing, or seeking to pursue any claims against AAD or Released Parties. Class Counsel represent and warrant that they have removed all advertisements, including social media posts, soliciting potential clients to pursue claims against AAD or Released Parties. Class Counsel further represent and warrant that they have removed any other publications, including social media posts, announcing, publicizing, or describing the Released Claims, to the extent published by Class Counsel.

17.22  Bar to Future Suits. Upon entry of the Final Approval Order, Releasing Parties shall be enjoined from prosecuting any Released Claim in any proceeding against Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this Section.

17.23  Non-Disparagement. The Settlement Class Representatives, Class Counsel, Defendant, and Defendant's Counsel agree not to make any statements, written or verbal, or to cause or encourage any other person to make any statements, written or verbal, that defame, disparage or in any way criticize the personal or business reputation, practices, or conduct of the Parties and their respective counsel concerning the Released Claims, as well as these Actions, the Settlement, this Agreement, and any discussions, interactions, or negotiations of the Settlement by the Parties and their counsel.

45

**[THIS SECTION INTENTIONALLY LEFT BLANK.**
**SIGNATURES ON FOLLOWING PAGE.]**

**WE AGREE TO THESE TERMS**:

**Class Counsel on behalf of the Settlement Class Representatives (who have specifically assented to the terms of this Settlement) and the Settlement Class:**

**Defendant Anne Arundel Dermatology, P.A.:**

DocuSigned by:

*Vincent Bradley*

29911B5CBFAB41C...

Name: Vincent Bradley

Title: Chief Executive Officer

Date:   December 8, 2025

*Gary M. Klinger*

Gary Klinger

Date: December 8, 2025

Tyler Bean

Date: December 5, 2025

James Pizzirusso

Date: December 8, 2025

Gary E. Mason

Date: December 9, 2025

James P. Ulwick

Date:  December 8, 2025

# EXHIBIT A

*In Re Anne Arundel Data Breach Litigation*
Case No. 1:25-cv-02274-GLR
U.S. District Court for the District of Maryland

**DATA INCIDENT SETTLEMENT CLAIM FORM**

Confidential Settlement Communication
Subject to Fed. R. Evid. 408

Dechert Draft January 20, 2026

Your claim must be submitted online or postmarked by: [DEADLINE]

## GENERAL INSTRUCTIONS

**Who is eligible to file a Claim?** All Settlement Class Members may file a claim. The Court has defined the Settlement Class as: all persons in the United States who provided personal information, including but not limited to PII or PHI, to Anne Arundel Dermatology, P.A. ("AAD"), or about whom AAD otherwise collected, received, or possessed personal information, including but not limited to PII or PHI, on or before Month DD, 2026.

**Excluded from the Settlement Class are**: (i) AAD, any entity in which AAD has a controlling interest, and AAD's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Actions and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement.

**BY EXECUTING THIS CLAIM FORM, YOU ARE GIVING UP YOUR RIGHT TO SUE, CONTINUE TO SUE, OR BE PART OF ANY OTHER LAWSUIT AGAINST AAD AND OTHER RELEASED PARTIES CONCERNING THE CLAIMS RELEASED BY THIS SETTLEMENT.**

"Released Parties" include AAD and each of its respective past, present, and future parents, investors, shareholders, divisions, subdivisions, companies, subsidiaries, affiliates, departments, managers, licensees, sublicensees, trustees, creditors, partners, joint venturers, principals, officers, stockholders, directors, employees, staff, agents, representatives, attorneys, predecessors, successors, assigns, assignees, heirs, executors, contractors, vendors, insurers, and reinsurers, including but not limited to any AAD-affiliated physicians, branches, clinics, offices, or medical practices and/or their staff or employees and/or each person acting or purporting to act for them or on their behalf

The Released Claims include any and all past, present, and future liabilities, causes of action, charges, complaints, suits, claims, obligations, costs, losses, damages, statutory fees, rights, judgments, attorneys' fees, expenses, bonds, bills, penalties, fines, and all other legal responsibilities and compensation of any form whatsoever, whether known or unknown, whether presently existing or arising in the future, whether suspected or unsuspected, whether fixed or contingent, including those arising under any theory of law, whether common, constitutional, statutory, or other of any jurisdiction, foreign or domestic (including but not limited to the laws of the United States, any of the fifty U.S. states, or any subdivision thereof, or the District of Columbia or any U.S. territory), whether in law or in equity, including but not limited to all claims which Releasing Parties asserted or could have asserted in the Actions or the State Action relating to the Data Security Incident and/or AAD's alleged disclosure of information about prospective and actual patients, including their financial information, actual or potential dermatologists, the clinics they visited or may visit, and their personal identities, without those patients' (and other persons') knowledge, authorization, or consent on or before Month DD, 2026. The "Releases" section in the Settlement Agreement describes the legal claims that you give up if you remain in the Settlement Class. The entire text of the Settlement Agreement can be viewed at [**website**].

## AVAILABLE BENEFITS

The Settlement will provide three categories of Settlement benefits. Settlement Class Members whose sensitive information was impacted as a result of the Data Security Incident may submit a claim for either Cash Payment A – Documented Out-

**QUESTIONS? VISIT WWW._____.COM OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

of-Pocket Losses up to $5,000.00 per claimant **OR** Cash Payment B – Alternative *Pro Rata* Cash Payment in the estimated amount of $100.00. In addition to the Cash Payments, Settlement Class Members may submit a claim for three (3) years of free medical data monitoring regardless of whether the Settlement Class Member submits a claim for Cash Payment A or B.

## BENEFITS

**Free Medical Data Monitoring Service.** Settlement Class Members may elect to enroll in credit monitoring and identity theft protection services. All Settlement Class Members are eligible to receive three (3) years of medical data monitoring services, specifically CyEx Medical Shield Complete, which includes the following features:

(1) real time monitoring of the credit file at one bureau;

(2) dark web scanning with immediate notification of potential unauthorized use;

(3) comprehensive public record monitoring;

(4) medical record monitoring;

(5) health insurance plan number monitoring;

(6) medical beneficiary identifier monitoring;

(7) health savings account monitoring;

(8) identity theft insurance (no deductible) up to $1,000,000.00; and

(9) access to fraud resolution agents to help investigate and resolve instances of identity theft.

**Cash Payment A – Documented Out-of-Pocket Losses.** If your sensitive information was impacted and you incurred actual, documented out-of-pocket losses due to the Data Security Incident, you may file a claim for reimbursement. The loss must have occurred between December 21, 2022, and the close of the Claims Period. The maximum amount of this reimbursement is $5,000.00.

You must provide documentation and an attestation under penalty of perjury related to the Data Security Incident.

This benefit covers out-of-pocket expenses like:

(1) unreimbursed losses relating to fraud or identity theft;
(2) bank or other financial institution charges incurred as a result of the Data Security Incident;
(3) professional fees including attorneys' fees, accountants' fees, and fees for credit repair services;
(4) costs associated with freezing or unfreezing credit with any credit reporting agency and costs of credit reports;
(5) credit monitoring costs that were incurred on or after mailing the notice of the cybersecurity incident, through the date of claim submission; and
(6) miscellaneous expenses such as notary, fax, postage, copying, internet usage, mileage, and long-distance telephone charges;

You must submit documentation, such as receipts, to verify the costs you incurred. You may submit "self-prepared" documents to clarify or support other submitted documentation, but <u>self-prepared documents by themselves are not sufficient</u> to file a valid claim.

**Cash Payment B – Alternative *Pro Rata* Cash Payment.** In the alternative to Cash Payment A, Settlement Class Members may elect to receive Cash Payment B, which is a *pro rata* cash payment in the estimated amount of $100.00. All Approved Claims for Alternative Pro Rata Cash Payments (Cash Payment B) will be subject to a pro rata increase or decrease from the estimated $100.00 amount after payment for Approved Claims for Documented Out-of-Pocket Losses (Cash Payment A), any Service Awards awarded to Settlement Class Representatives, any attorneys' fees and costs awarded to Settlement Class Counsel, and all Costs of Notice and Administration. Any *pro rata* adjustments to Cash Payment B will be on an equal percentage basis.

**Questions? Call 1-xxx-xxx-xxxx Toll-Free or Visit www.SettlementWebsite.com**

## I.  CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.  All fields are required.

| | |
|---|---|
| First Name | Last Name |

Street Address

| | | |
|---|---|---|
| City | State | Zip Code |

| | | |
|---|---|---|
| Email Address | Phone Number | Notice ID (if known) |

## II. MEDICAL DATA MONITORING (AVAILABLE TO ALL CLASS MEMBERS)

☐   Check this box if you would like to receive three (3) years of free medical data monitoring by CyEx Medical Shield Complete.

## III. Cash Payment A – Documented Out-of-Pocket Losses

☐   Check this box if you are claiming reimbursement for documented out-of-pocket losses that were incurred as a result of the Data Security Incident. **You <u>must</u> submit supporting documentation**. You may submit "self-prepared" documents to add clarify or support other submitted documentation, but self-prepared documents by themselves are **not sufficient** to submit a valid claim.

The maximum amount for this reimbursement is $5,000.00 per Settlement Class Member.

*Please complete this table, describing the supporting documentation you are submitting.*

| Description of Documentation Provided | Amount |
|---|---|
| *Example: Overdraft fees* | *$40* |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**Questions? Call 1-xxx-xxx-xxxx Toll-Free or Visit www.SettlementWebsite.com**

| TOTAL OUT-OF-POCKET LOSSES: | |
|---|---|

If you have more expenses than rows, you may attach additional sheets of paper to account for them. Please print your name and sign the bottom of each additional sheet of paper.

**\*** If your request for Cash Payment A – Documented Out-of-Pocket Losses is denied, you will receive Cash Payment B – Alternative Pro Rata Cash Payment.

### IV.  Cash Payment B – Alternative Pro Rata Cash Payment

☐    Check this box if you are claiming the *pro rata* cash payment and did **not** request Cash Payment A – Documented Out-of-Pocket Losses.

### V.  ATTESTATION & SIGNATURE

I swear and affirm that the information provided in this Claim Form, and any supporting documentation provided is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim is considered complete and valid.

| | | |
|---|---|---|
| Signature | Printed Name | Date |

**THE EASIEST WAY TO SUBMIT YOUR CLAIMS IS ONLINE AT**
**www.SettlementWebsite.com**

You may also print out and complete this Claim Form, and submit it by U.S. mail to:

AAD Settlement Administrator
P.O. Box XXX
Baton Rouge, LA 70821

The deadline to submit a Claim Form online is **Month DD, 2026**. If you are mailing your Claim Form, it must be mailed with a postmark date no later than **Month DD, 2026**.

**Questions? Call 1-xxx-xxx-xxxx Toll-Free or Visit www.SettlementWebsite.com**

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

IN RE ANNE ARUNDEL DATA BREACH
LITIGATION

Case No.: 1:25-cv-02274

DEMAND FOR JURY TRIAL

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

On _____, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (ECF No. __) of the Settlement between the Representative Plaintiffs, on behalf of themselves and the Settlement Class, and Anne Arundel Dermatology, P.A. ("AAD" or "Defendant"), as memorialized in Exhibit _ (ECF No. _) to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.[1]

On _____, pursuant to the notice requirements set forth in the Settlement and in the Preliminary Approval Order, Settlement Class Members were apprised of the nature and pendency of the Action, the terms of the Settlement, and their rights to request exclusion, object, and/or appear at the Final Approval Hearing.

On _____, the Court held a Final Approval Hearing to determine, inter alia: (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be entered dismissing all claims in the Amended Consolidated Class Action Complaint with prejudice. Prior to the Final Approval Hearing, Class Counsel filed a declaration from the Settlement Administrator confirming that the Notice Plan was completed in accordance with the Parties' instructions and the

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning and/or definitions given to them in the Settlement Agreement, except as may otherwise be indicated.

Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement and the award of attorney's fees, costs, and expenses.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, having considered the application made by Class Counsel for Attorneys' Fees and Expenses and Service Awards, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1. The Court has subject matter jurisdiction. Specifically, the Court finds that the parties are minimally diverse, that there are more than 100 members of the Settlement Class, and that the amount in controversy exceeds $5,000,000, as required by 28 U.S.C. § 1332. The Court also has personal jurisdiction over the Parties and Settlement Class Members.

2. The Settlement was entered into in good faith following arm's-length negotiations and is non-collusive.

3. The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

4.     This Court grants final approval of the Settlement, including, but not limited to, the Releases in the Settlement and the plans for distribution of the settlement relief. The Court finds that the Settlement is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order and Judgment.

5.     The Settlement and every term and provision thereof—including, without limitation, the Releases—are incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

6.     The Parties shall effectuate the Settlement in accordance with its terms.

## OBJECTIONS AND OPT-OUTS

7.     ___ objections were filed by Settlement Class Members. The Court has considered all objections, if any, and finds that the fact there have been __ objections counsels in favor of Settlement approval.

8.     __ opt outs were filed by Settlement Class Members. The Court has considered all opt outs, if any, and finds that the fact that there have been __ opt outs counsels in favor of Settlement approval.

9.     All persons who have not objected to or opted out of the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise, and are included as Settlement Class Members.

## CLASS CERTIFICATION

10.    For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

3

All persons in the United States who provided personal information, including but not limited to PII or PHI, to AAD, or about whom AAD otherwise collected, received, or possessed personal information, including but not limited to PII or PHI, on or before December 9, 2025.

Specifically excluded from the Settlement Class are: (i) AAD, any entity in which AAD has a controlling interest, and AAD's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Actions and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement.

11.     The Court determines that for settlement purposes the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that: the class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the Representative Plaintiffs are typical of absent Class Members; the Representative Plaintiffs will fairly and adequately protect the interests of the Class as they have no interests antagonistic to or in conflict with the Class and have retained experienced and competent counsel to prosecute this matter; common issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy.

12.     The Court grants final approval to the appointment of Natalia Correa, Peyton Sulkowski, Jennifer Longwell, Shemika Jones, Brice Farris, Michael Straw, Barbara Buracker, Paul Gale, Earl Beville Jr., Steven Boehm, Paul Madigan, Heidi Shell, Troy Botteon, Richard Bernard, Jason Tyson, Crystal Hall, Terri Wilson, Raven Martin, Jacqueline Smith, Alunda Mitchell (on behalf of J.D., a minor), Diana Wilson, and George Tyler as Settlement Class Representatives. The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

4

13.    The Court grants final approval to the appointment of Gary Klinger, Tyler Bean, James Pizzirusso, Gary Mason, and James Ulwick as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE SETTLEMENT CLASS

14.    The Court finds that the Notice Plan, set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to Settlement Class Members of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the final approval hearing, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable laws.

15.    The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

16.    The Court has considered Class Counsel's Motion for Attorneys' Fees, Expenses and Service Awards.

17.    The Court awards Class Counsel __% of the gross Settlement Fund as an award of attorneys' fees and $____ as an award of costs and expenses to be paid in accordance with the Settlement, and Service Awards of $____ for each Representative Plaintiff. The Court finds this amount of fees, costs, expenses and service awards to be fair and reasonable. This award of attorneys' fees, costs, expenses and Service Awards and any interest earned thereon, shall be paid from the Settlement Fund in accordance with the Settlement. This award of attorneys' fees, costs,

expenses and Service Awards is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

## OTHER PROVISIONS

18.    The Parties to the Settlement shall carry out their respective obligations thereunder.

19.    Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to Settlement Class Members who submitted valid Claim Forms, pursuant to the terms and conditions of the Settlement.

20.    As of the Effective Date, each Settlement Class Member, including the Representative Plaintiffs, shall have, completely, fully, finally, irrevocably, and forever released, relinquished, and discharged Defendant, the Related Entities, and the Released Parties from all Released Claims.

21.    Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including the Representative Plaintiffs, shall, either directly, indirectly, representatively, on their own behalf or on behalf of any class or other person or entity, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action, regulatory action, arbitration, or court or other proceeding in this or any other forum (other than participation in the Settlement as provided herein) in which any Released Claim is asserted.

22.    "Releasing Parties" or "Released Parties" means the Representative Plaintiffs and all Settlement Class Members who did not timely and validly opt out of the Settlement.

23.    "Released Party" or "Released Parties" means Defendant, the Related Entities and each of their past or present parent companies, subsidiaries, divisions, related or affiliated individuals and entities, divisions, successors, predecessors (including companies they have

6

acquired, purchased or absorbed), subcontractors, assigns and joint venturers, and each of their respective successors, predecessors, officers, partners, directors, owners, stockholders, servants, agents, shareholders, members, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, benefits administrators, investors, funds, indemnities, insurers and reinsurers, past, present, and future, including but not limited to any AAD-affiliated physicians, branches, clinics, offices, or medical practices and/or their staff or employees and/or each person acting or purporting to act for them or on their behalf, and all persons acting under, by or through, or in concert with any of them, and includes without limitation, any Person related to any such entities who is, or could have been named as a defendant in the Action.

24.    "Released Claims" means any and all past, present, and future liabilities, causes of action, charges, complaints, suits, claims, obligations, costs, losses, damages, statutory fees, rights, judgments, attorneys' fees, expenses, bonds, bills, penalties, fines, and all other legal responsibilities and compensation of any form whatsoever, whether known or unknown, whether presently existing or arising in the future, whether suspected or unsuspected, whether fixed or contingent, including those arising under any theory of law, whether common, constitutional, statutory, or other of any jurisdiction, foreign or domestic (including but not limited to the laws of the United States, any of the fifty U.S. states, or any subdivision thereof, or the District of Columbia or any U.S. territory), whether in law or in equity, including but not limited to all claims which Releasing Parties asserted or could have asserted in the Actions or the State Action relating to the Data Security Incident and/or AAD's alleged disclosure of information about prospective and actual patients, including their financial information, actual or potential dermatologists, the clinics they visited or may visit, and their personal identities, without those patients' (and other

persons') knowledge, authorization, or consent on or before [[date of the Preliminary Approval Order]].

25.    For the avoidance of doubt, Released Claims are to be construed broadly and include, without limitation, any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any causes of action under the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100 *et seq.* and any similar statutes in effect in the United States or in any state in the United States); causes of action under the common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence, bailment, conversion, negligence *per se*, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, intrusion upon seclusion, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitution of the United States or of any state in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court or administrative agency of the United States, for damages, injunctive relief, restitution, mandamus, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

26.    "Unknown Claims" means any and all Released Claims that any Representative Plaintiff or Settlement Class Member does not know or suspect to exist in his or her favor as of

the Effective Date and which, if known by him or her, might have affected his or her decision(s) with respect to this Settlement Agreement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Representative Plaintiffs and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, or principle of common law or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Representative Plaintiffs and Class Counsel acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims is a material element of the Settlement Agreement of which this release is a part.

27.     This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall constitute a final and complete resolution of all disputes between the Parties with respect to the Action. The Settlement compromises claims that are contested and shall not be deemed an admission by the Parties as to the merits of any claim or defense or the truth of any alleged wrongdoing by AAD or any Released Party *provided, however,* that nothing in the foregoing, the Settlement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval

Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

28.    The Settlement (including without limitation the releases therein) shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Final Approval Order and Judgment.

29.    The Court hereby dismisses the Actions and the Amended Consolidated Class Action Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

30.    Consistent with Paragraph 15.2(e) of the Settlement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect, and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into the Settlement. In such an event, the Parties shall be restored to their respective positions in the Action as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

31.     Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

32.     Without affecting the finality of this Final Approval Order and Judgment, the Court will retain exclusive jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party, and resolution of any disputes that may arise relating in any way to the implementation of the Settlement or the implementation of this Final Approval Order and Judgment.

**ENTERED:** _____, 2026

_____

Hon. George Levi Russell III

UNITED STATES DISTRICT JUDGE

11

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **IN RE ANNE ARUNDEL DATA BREACH LITIGATION** | **Case No.: 1:25-cv-02274** |
| | **DEMAND FOR JURY TRIAL** |

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION**
**SETTLEMENT AND CERTIFYING SETTLEMENT CLASS**

WHEREAS, Plaintiffs Natalia Correa, Peyton Sulkowski, Jennifer Longwell, Shemika Jones, Brice Farris, Michael Straw, Barbara Buracker, Paul Gale, Earl Beville Jr., Steven Boehm, Paul Madigan, Heidi Shell, Troy Botteon, Richard Bernard, Jason Tyson, Crystal Hall, Terri Wilson, Raven Martin, Jacqueline Smith, Alunda Mitchell (on behalf of J.D., a minor), Diana Wilson, and George Tyler (collectively, "Plaintiffs"), in the above-captioned class action have applied for an order, pursuant to Federal Rule of Civil procedure 23, preliminarily approving the Class Action Settlement Agreement entered into between Plaintiffs, on behalf of themselves and the proposed Settlement Class, and Defendant Anne Arundel Dermatology, P.A. ("AAD" or "Defendant") dated _____ and this Court having reviewed the Agreement as submitted to the Court with Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval"); and

WHEREAS, this Preliminary Approval Order incorporates the Agreement, and its exhibits, and the terms used herein shall have the meaning and/or definitions given to them in the Agreement, as submitted to the Court with the Motion for Preliminary Approval;

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 23(e), upon the agreement of the Parties, and after consideration of the Agreement and its exhibits,

1

IT IS HEREBY ORDERED as follows:

1.    The Court finds that the Agreement proposed by the Parties is fair, reasonable, and adequate, and is likely to be approved at a final approval hearing such that giving notice to the Settlement Class is justified. The representations, agreements, terms, and conditions of the Settlement, as embodied in the Agreement and the exhibits attached thereto, are preliminarily approved pending a final hearing on the Settlement as provided herein. The Settlement meets the considerations set forth in the amended Rule 23(e), as well as in *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155 (4th Cir.1991).

2.    The Settlement was negotiated with the assistance of an experienced and neutral mediator jointly selected by the Parties, the Honorable Diane M. Welsh (Ret.), a retired federal magistrate judge now with JAMS in Philadelphia, Pennsylvania, and appears to be the result of extensive, arm's-length negotiations between the Parties after Class Counsel and Defendant's Counsel had investigated the claims, sufficiently litigated the claims, and became familiar with the strengths and weaknesses of the claims and defenses in this Action. The Settlement appears not to be collusive, has no obvious defects, and falls within the range of reasonableness.

3.    The Court finds that it will likely certify at the final approval stage the Settlement Class for purposes of the Settlement only, consisting of:

> all persons in the United States who provided personal information, including but not limited to PII or PHI, to AAD, or about whom AAD otherwise collected, received, or possessed personal information, including but not limited to PII or PHI, on or before December 9, 2025.
>
> Specifically excluded from the Settlement Class are: (i) AAD, any entity in which AAD has a controlling interest, and AAD's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Actions and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the

Settlement.

4.      The Court finds that the Settlement Class meets the relevant requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) in that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class Members; (d) the Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent them as Class Counsel; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court therefore preliminarily certifies the proposed Settlement Class.

5.      For purposes of the Settlement only, the Court finds and determines that it will likely find, at the final approval stage, pursuant to Federal Rule of Civil Procedure Rule 23(a)(4), that Plaintiffs will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action, and therefore appoints them as Class Representatives.

6.      For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a)(1), the Court appoints the following as Class Counsel to act on behalf of both the Settlement Class and the Class Representatives with respect to the Settlement:

Gary Klinger
**MILBERG, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
E: gklinger@milberg.com

Gary E. Mason
**Mason LLP**
5335 Wisconsin Avenue, NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290
E: gmason@masonllp.com

Tyler Bean
**Siri & Glimstad LLP**,
745 Fifth Avenue, Suite 500

James J. Pizzirusso, Esq.
**HAUSFELD LLP**
1200 17th Street, N.W., Suite 600

3

New York, New York 10151
Tel: (212) 532-1091
E: tbean@sirillp.com

Washington, DC 20036
T: (202) 540-7200
E: James J. Pizzirusso, Esq.

James P. Ulwick
**KRAMON & GRAHAM, P.A.**
750 East Pratt Street, Suite 1100
Baltimore, Maryland 21202
Phone: 410-752-6030
Fax: 410-539-1269
E: julwick@kg-law.com

7.     Eisner Advisory Group, LLC is appointed as Settlement Administrator and shall administer the Notice Plan. The Settlement Administrator shall abide by the terms and conditions of the Agreement that pertain to the Settlement Administrator.

8.     Pursuant to Federal Rule Civil Procedure 23(e), the terms of the Agreement (and the Settlement provided for therein) are preliminarily approved and likely to be approved at the Final Approval Hearing because:

(A) the Class Representatives and Class Counsel have adequately represented the Settlement Class;

(B) the Settlement Agreement was negotiated at arm's length;

(C) the relief provided for the Settlement Class is adequate, taking into account:

(i)  the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing Settlement Class Member claims;

(iii) the terms of any proposed award of attorneys' fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the Settlement Agreement treats Settlement Class Members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

4

9.      Having reviewed the proposed Notice Plan, including the Short Form Notice and Long Form Notice submitted by the Parties as Exhibits E and F to the Agreement, the Court approves, as to form and content, such Notices for the purpose of notifying the Settlement Class as to the proposed Settlement, the Final Approval Hearing, and the rights of Settlement Class Members. Those Notices contain all of the essential elements necessary to satisfy the requirements of federal law, including the Federal Rules of Civil Procedure and federal and state due process provisions, including the Settlement Class definition, the identities of the Parties and their counsel, a summary of the terms of the proposed Settlement, information regarding the manner in which objections may be submitted, information regarding opt-out procedures and deadlines, and the date and location of the Final Approval Hearing.

10.     The Court directs the Settlement Administrator to cause a copy of the Short Form Notice or Long Form Notice to be sent to all Settlement Class Members in accordance with the Notice Plan. The Notice Plan shall be fully implemented before the filing of the Motion for Final Approval.

11.     The Short Form Notice and Long Form Notice shall be updated by Class Counsel and Defendant to include the correct dates and deadlines before the Notice Plan commences, based upon those dates and deadlines set by the Court herein. The Court finds and determines the Notice Plan pursuant to this Order constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the matters set forth in the Notices to all persons entitled to receive such Notices, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable law and rules.

12.     Any person falling within the definition of the Settlement Class may, upon request, be excluded or opt-out. In the event a Settlement Class Member wishes to be excluded and not to

5

be bound by the Agreement, that person must submit a written request for exclusion to the Settlement Administrator, which shall be postmarked or submitted electronically no later than the Opt-Out Deadline. The written request for exclusion must: (i) identify the case name and number of this Action; (ii) identify the name and address of the individual seeking exclusion from the Settlement; (iii) be personally signed by the individual seeking exclusion; (iv) include a statement clearly indicating the individual's intent to be excluded from the Settlement; and (v) request exclusion only for that one individual whose personal signature appears on the request. Opt-Out requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator.

13.     Any member of the Settlement Class who timely and properly requests exclusion in compliance with the requirements described herein shall not: (i) be bound by any orders or judgments in connection with the Settlement Agreement; (ii) be entitled to any relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; nor (iv) be entitled to object to any aspect of the Settlement Agreement. Any individual who does not submit a valid and timely request for exclusion in the manner described herein shall be deemed to be a Settlement Class Member upon expiration of the Opt-Out Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

14.     Any Settlement Class Member who wishes to object to the Settlement, Class Counsel's application for attorneys' fees and expenses, or Service Awards for the Class Representatives, or who wishes to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, or why a final judgment should not be entered thereon, may do so, but must proceed as set forth in this paragraph. Only a Settlement Class Member may file an objection. No Settlement

Class Member or other person will be heard on such matters unless they have submitted a written objection (together with any briefs, papers, statements, or other materials the Settlement Class Member or other person wishes the Court to consider) electronically or by first-class postage prepaid to the Clerk of the Court on or before the Objection Deadline, as set forth in this Preliminary Approval Order. The written objection must include: (a) the objector's full name, mailing address, telephone number, and email address (if any); (b) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (c) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing; (d) a list of all expert witnesses who will be called to testify at the Final Approval Hearing in support of the objection (if any); (e) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (f) the objector's signature (or, if represented by counsel, an attorney's signature).

15.     Any Settlement Class Member who does not make his or her objection in the manner and by the date set forth in this Order shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

16.     Prior to the Final Approval Hearing: (i) Class Counsel shall file with the Court and serve on all Parties a declaration or affidavit of the Settlement Administrator certifying that the Notice Plan was completed and providing the name of each Settlement Class Member who timely and properly requested exclusion from the Settlement Class; and (ii) Defendant or the Settlement Administrator shall file with the Court and serve on all Parties a declaration certifying that notice was provided to the appropriate government entities in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

17.    All pretrial proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Agreement and this Preliminary Approval Order.

18.    Upon the entry of this Preliminary Approval Order, the Class Representatives and all Settlement Class Members shall be provisionally enjoined and barred from asserting any claims against Defendant and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision to grant Final Approval of the Settlement.

19.    The Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with the Settlement, shall not be construed or deemed to be evidence of an admission or concession by Defendant of any liability or wrongdoing by Defendant or any of its parents, investors, shareholders, divisions, subdivisions, companies, subsidiaries, affiliates, departments, managers, licensees, sublicensees, trustees, creditors, partners, joint venturers, principals, officers, stockholders, directors, employees, staff, agents, representatives, attorneys, predecessors, successors, assigns, assignees, heirs, executors, contractors, vendors, insurers, reinsurers, or any other person or entity acting on its behalf with respect to the conduct alleged in the Action, including but not limited to any AAD-affiliated physicians, branches, clinics, offices, or medical practices and/or their staff or employees, or that the litigation was properly brought as a class action, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief with respect to the Data Security Incident at issue in this Action or with respect to any other Released Claim. Defendant may file the Agreement in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue

preclusion or similar defense or counterclaim.

1.      In the event that: (a) this Court does not grant Final Approval of the Settlement as provided in the Agreement; (b) this Court does not enter the Final Approval Order in all material respects and substantial form as the Final Approval Order submitted by the Parties with the Motion for Final Approval; or (c) the Settlement does not become final for any other reason, the Agreement shall be null and void and any order or judgment entered by this Court in furtherance of the Settlement shall be vacated *nunc pro tunc*. In such an event, the Parties shall proceed in all respects as if the Agreement had not been executed; the Parties shall in no way be prejudiced in proceeding with or defending this Action; the provisional class certification effected herein will be null and void; and Defendant shall have the right to oppose and object, on any and all grounds, to certification of the Settlement Class or any other class at any future time.

2.      For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

3.      Class Counsel and Defendant's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without the Court's further approval, minor form or content changes to the Notices they jointly agree are reasonable or necessary.

4.      A Final Approval Hearing will be held before the Honorable George Levi Russell III of the United States District Court for the District of Maryland, 101 W Lombard St, Baltimore, MD 21201 on _____, **2026 at __:__ a.m./p.m.**, to determine: (a) whether the Settlement

9

should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the Final Approval Order should be entered in substance materially the same as the Final Approval Order submitted by the Parties with the Motion for Final Approval; (c) whether to approve Class Counsel's Application for Attorneys' Fees, Expenses and Service Awards for the Class Representatives; and (d) any other matters that may properly be brought before the Court in connection with the Settlement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class (any change in date shall be posted on the Settlement Website). The hearing may be virtual, in which case the instructions to participate shall be posted on the Settlement Website. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. Plaintiffs and Class Counsel must file all moving papers and briefs in support of Final Approval, inclusive of Class Counsel's Application for Attorneys' Fees and Expenses and Service Awards for the Class Representatives, no later than 45 days before the original date set forth herein for the Final Approval Hearing.

5.    Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Settlement Class Member does not enter an appearance, he or she will be represented by Class Counsel.

6.    The Court hereby sets the following schedule of events:

| Event | Calendar Days Before Final Approval Hearing |
|---|---|
| **Defendant to provide class list to Settlement Administrator** | _____, 2026<br>(10 days after the entry of this order) |
| **Notice Plan Complete** | _____, 2026<br>(30 days after Defendant's provision of the Class List) |
| **Opt-Out Deadline** | _____, 2026 |

10

| | (60 days after the Notice Deadline) |
|---|---|
| **Objection Deadline** | _____, 2026<br>(60 days after the Notice Deadline) |
| **Motion for Final Approval and Application for Attorneys' Fees, Expenses and Service Awards** | _____, 2026<br>(45 Days before Final Approval Hearing) |
| **Deadline to Respond to Objections** | _____, 2026<br>(15 days before Final Approval Hearing) |
| **Final Approval Hearing** | _____, 2026, at \_\_:\_\_ \_\_.m. |

**IT IS SO ORDERED.**

DATED: _____, 2026

_____
Hon. George Levi Russell III
UNITED STATES DISTRICT JUDGE

11

# EXHIBIT D

**PROPOSED SETTLEMENT BENEFITS PLAN**

1.     **Capitalized Terms.** Unless defined herein, the capitalized terms used in this Proposed Settlement Benefits Plan ("Benefits Plan") are defined in the Class Action Settlement Agreement and Release.

2.     **Settlement Payments.** The Settlement Administrator will pay Approved Claims from the Net Settlement Fund in the following manner:

   A.     <u>Cash Payments</u>: When submitting a Claim for a Cash Payment, Settlement Class Members must elect either Cash Payment A – Documented Out-of-Pocket Losses, or Cash Payment B – Alternative Pro Rata Cash Payment.

   i.     *Cash Payment A: Reimbursement of Documented Out-of-Pocket Losses.* Settlement Class Members who submit a Claim Form for reimbursement of out-of-pocket losses may submit a claim up to $5,000.00 per individual for documented out-of-pocket losses.  To receive reimbursement of out-of-pocket loss must: (1) be an actual, documented, and unreimbursed monetary loss; (2) the loss was more likely than not caused by the Data Security Incident; and (3) the loss occurred between December 21, 2022, and the close of the Claims Period. The categories of reimbursable out-of-pocket losses include:

   a) Unreimbursed fraud suffered;

   b) Long-distance telephone charges;

   c) Cell phone minutes (if charged by the minute);

   d) Internet usage charges (if charged by the minute or incurred solely as a result of the data incident);

1

  e) Credit monitoring or fraud resolution services purchased after the Data Security Incident;

  f) Costs of credit reports;

  g) Bank or other financial institution charges incurred as a result of the Data Security Incident; or

  h) Other losses directly and reasonably incurred as a result of the Data Security Incident.

 ii. *Cash Payment B: Alternative Pro Rata Cash Payment.* In the alternative to Cash Payment A, Settlement Class Members may elect to receive Cash Payment B, which is a cash payment in the estimated amount of $100.00.

B. <u>Medical Data Monitoring Services.</u> In addition to the Cash Payments, Settlement Class Members may also elect to enroll in credit monitoring and identity theft protection services. All Settlement Class Members shall be eligible to enroll in three (3) years of free medical data monitoring, specifically CyEx Medical Shield Complete, which includes the following features:

 i. real time monitoring of the credit file at one bureau;

 ii. dark web scanning with immediate notification of potential unauthorized use;

 iii. comprehensive public record monitoring;

 iv. medical record monitoring;

 v. health insurance plan number monitoring;

vi.    medical beneficiary identifier monitoring;

vii.    health savings account monitoring;

viii.    identity theft insurance (no deductible) up to $1,000,000.00; and

ix.    access to fraud resolution agents to help investigate and resolve instances of identity theft.

All Settlement Class Members are eligible for medical data monitoring, regardless of whether the Settlement Class Member submits a claim for Cash Payment A or B.

3.    **Pro Rata Adjustments on Cash Payments.** All Approved Claims for Alternative Pro Rata Cash Payments (Cash Payment B) will be subject to a *pro rata* increase or decrease from the estimated $100.00 amount after payment for Approved Claims for Documented Out-of-Pocket Losses (Cash Payment A), any Service Awards awarded to Settlement Class Representatives, any attorneys' fees and costs awarded to Settlement Class Counsel, and all Costs of Notice and Administration. Any *pro rata* increases or decreases to Cash Payment B will be on an equal percentage basis. All *pro rata* determinations required by this Paragraph shall be performed by the Settlement Administrator upon notice to Settlement Class Counsel and Defendant's counsel.

4.    **Filing Approved Claims.** Only Settlement Class Members who submit Approved Claims during the Claims Period will receive a Settlement Payment under the Settlement.

A.    The Claims Period will run for one hundred twenty (120) days after the Notice Deadline.

B.    Settlement Class Members may submit a Claim Form to the Settlement Administrator electronically through the Settlement Website or by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked on or before the final day of the Claims Period (i.e., by the end of

the one hundred twentieth (120th) calendar day following the Notice Deadline). All Claim Forms must be submitted during the Claims Period and in the manner set forth in this Agreement although the parties may allow for the submission of late Claim Forms.

C.      In its discretion, to be reasonably exercised, the Settlement Administrator will review all Claim Forms submitted for completeness and accuracy. The Settlement Administrator may require supplementation of a completed Claim Form or additional information needed to validate or audit a claim. To the extent that a Settlement Class Member fails to provide any supplementation or additional information if requested, the Settlement Administrator may determine that the Settlement Class Member failed to submit a valid claim and therefore reject that claim. Decisions of the Settlement Administrator as to the validity of any claims are final and cannot be appealed

D.      The Settlement Administrator will process valid claims of Settlement Class Members and distribute payments as soon as practicable after the Effective Date in accordance with the terms of this Agreement

5.      **Timing of Settlement Payments.** Within sixty (60) days of the Effective Date, the Settlement Administrator shall: (1) issue all payments for Cash Payment A based on Approved Claims for out-of-pocket losses; (2) issue all payment for Cash Payment B based on Approved Claims; and (3) issue an activation code to each valid medical monitoring services claimant, which can be used to activate such services. Enrollment codes shall be sent via e-mail.

6.      **Releases.** Settlement Class Members who make a claim for medical monitoring services but never activate their services, as well as Settlement Class Members who do not submit

4

a claim, will still be deemed Releasing Parties and will be deemed to have released all claims against Released Parties, as outlined in the Settlement Agreement.

7.      **Residual Funds.** To the extent that there are any remaining monies in the Net Settlement Fund one-hundred eighty (180) days after the Effective Date, Class Counsel will coordinate with the Settlement Administrator and counsel for Defendant on a plan of disbursement of any residual funds, which may include: (1) extending the medical monitoring services for Settlement Class Members who filed Approved Claims for that benefit for as long as possible; (2) dispersing the residual funds as additional cash payments for Settlement Class Members who filed Approved Claims; or (3) as otherwise proposed by Class Counsel or ordered by the Court.  No funds may revert back to Defendant.

# EXHIBIT E

Confidential Settlement Communication
Subject to Fed. R. Evid. 408
Dechert Draft January 20, 2026


From:

To:

Subject: Email Notice of Class Action Settlement

---

Class Member ID: << RefNum>>


**IF YOU RECEIVED THIS NOTICE, YOU HAVE BEEN IDENTIFIED AS AN INDIVIDUAL WHOSE PERSONAL INFORMATION MAY HAVE BEEN AFFECTED BY A DATA SECURITY INCIDENT THAT OCCURRED BETWEEN FEBRUARY 14, 2025, AND MAY 13, 2025, INVOLVING ANNE ARUNDEL DERMATOLOGY, P.A.**

*A court authorized this notice. This is not a solicitation from a lawyer.*

This notice is only a summary of the key Settlement terms. A full copy of the Settlement Agreement and Long Form Notice is available on the Settlement Website at www.SettlementWebsite.com or by calling 1-XXX-XXX-XXXX.

A proposed Settlement has been reached in a class action lawsuit against Anne Arundel Dermatology, P.A. ("AAD" or "Defendant") relating to a Data Security Incident that occurred between February 14, 2025, and May 13, 2025 ("Data Security Incident"), during which unauthorized parties may have accessed personal information. The case is titled *In Re Anne Arundel Data Breach Litigation*, Case No. 1:25-cv-02274-GLR (D. Md.). No court or jury has found any wrongdoing or liability by AAD. AAD denies all allegations and any wrongdoing and maintains that it acted lawfully at all times. The Settlement is not an admission of liability. AAD has entered into this Settlement solely to avoid the time and expense of further litigation.

## Am I included?

The Settlement Class includes all persons in the United States who provided personal information, including but not limited to PII or PHI, to AAD, or about whom AAD otherwise collected, received, or possessed personal information, including but not limited to PII or PHI, on or before Month DD, 2026. Excluded from the Settlement Class are: (i) AAD, any entity in which AAD has a controlling interest, and AAD's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Actions and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement.

## What are the Settlement Benefits?

Confidential Settlement Communication
Subject to Fed. R. Evid. 408
Dechert Draft January 20, 2026

The Settlement provides a $2,400,000.00 Settlement Fund, which will include compensation for documented out-of-pocket losses, or an alternative pro rata cash payment, in addition to medical monitoring services. You must submit an Approved Claim to receive Settlement benefits.

- **Cash Payment A – Documented Out-of-Pocket Losses.** Up to $5,000.00 for documented, unreimbursed costs that were incurred and arose from the Data Security Incident. The loss must have occurred between December 21, 2022, and the close of the Claims Period.
- **Cash Payment B – Alternative Pro Rata Cash Payment.** In the alternative to Cash Payment A, Settlement Class Members may elect to receive Cash Payment B, which is a *pro rata* cash payment in the estimated amount of $100.00 (subject to *pro rata* adjustments up or down depending on the number of claims).
- **Medical Data Monitoring Services:** Three (3) years of free medical data monitoring provided by CyEx Medical Shield Complete.

## How do I receive a Settlement Payment?

Settlement Class Members must submit a Claim Form online at www.SettlementWebsite.com or by mail postmarked by **Month DD, 202Y** to the Settlement Administrator. If you do not submit a Claim Form, you will not receive any Settlement benefits.

## What are my options?

**Submit a Claim Form:** If you submit a Claim Form**,** you will not be able to sue or continue to sue the Defendant about the claims resolved by this Settlement.

**Exclude Yourself:** If you do not want to be legally bound by the Settlement, you must exclude yourself**;** you will not receive any Settlement benefits, but you will keep your right to sue the Defendant in a separate lawsuit about the claims resolved by this Settlement.

**Object:** If you do not exclude yourself, you can object to the Settlement. Any Settlement Class Member who does not submit a timely and valid objection gives up the right to object or to speak at the Final Approval Hearing. They will be bound by the Settlement Agreement and will no longer be able to make any objection to the Settlement.

Complete details on how to exclude yourself or object to the Settlement are available at www.SettlementWebsite.com. The deadline to exclude yourself or object is **Month DD, 202Y**.

**Do Nothing:** If you do nothing, you will remain in the Settlement Class, you will not be eligible for Settlement benefits, and you will be bound by the decision of the Court and give up your rights to sue Defendant for the claims resolved by this Settlement.

## Has the Court approved the Settlement?

The Court has granted preliminary approval of the Settlement. The Court will hold a Final Approval Hearing on [Date], at [Time], to determine whether the Settlement is fair, reasonable, and adequate, and to consider Attorneys' Fees, Expenses, and Service Awards ($1,500.00 each) for the Settlement

Confidential Settlement Communication
Subject to Fed. R. Evid. 408
Dechert Draft January 20, 2026

Class Representatives. Settlement Class Counsel's Motion for Attorneys' Fees, Expenses, and Service Awards will be available on the Settlement Website after it is filed with the Court. If there are objections, the Court will consider them.

You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but it is not required. You do not need to attend the hearing to receive Settlement benefits.

**How do I get more information?**

For additional information, please visit www.SettlementWebsite.com or call toll-free 1-XXX-XXX-XXX. You may also write to the Settlement Administrator at AAD Data Settlement, P.O. Box XXX, Baton Rouge, LA 70821.

**THIS EMAIL NOTICE IS ONLY A SUMMARY.**

# EXHIBIT F

*In Re Anne Arundel Data Breach Litigation*, Case No. 1:25-cv-02274-GLR (D. Md.)

U.S. District Court for the District of Maryland

**IF YOUR PERSONAL INFORMATION WAS POTENTIALLY AFFECTED BY A DATA SECURITY INCIDENT THAT OCCURRED BETWEEN FEBRUARY 14, 2025, AND MAY 13, 2025, INVOLVING ANNE ARUNDEL DERMATOLOGY, P.A., YOU MAY BE ENTITLED TO BENEFITS FROM A CLASS ACTION SETTLEMENT.**

*A Court has authorized this notice. This is **not** a solicitation from a lawyer.*

- A $2,400,000.00 Settlement has been reached in a class action lawsuit against Anne Arundel Dermatology, P.A. ("AAD" or "Defendant") relating to a Data Security Incident that occurred between February 14, 2025, and May 13, 2025 ("Data Security Incident").

- No court or jury has found any wrongdoing or liability by AAD. AAD denies all allegations of wrongdoing and maintains that it acted lawfully at all times. The Settlement is not an admission of liability. AAD has entered into this Settlement solely to avoid the time and expense of further litigation.

- You are part of the Settlement Class if you are an individual residing in the United States who provided personal information, including but not limited to PII or PHI, to AAD, or about whom AAD otherwise collected, received, or possessed personal information, including but not limited to PII or PHI, on or before Month DD, 2026.

- Under the terms of the Settlement, Settlement Class Members who timely submit a valid Claim Form may be able to recover the following benefits:

  - **Cash Payment A – Documented Out-of-Pocket Losses.** Up to $5,000.00 for documented, unreimbursed costs that were incurred and arose from the Data Security Incident.

  - **Cash Payment B – Alternative Pro Rata Cash Payment.** In the alternative to Cash Payment A, Settlement Class Members may elect to receive Cash Payment B, which is a *pro rata* cash payment in the estimated amount of $100.00.

  - **Medical Data Monitoring Services:** Three (3) years of free medical data monitoring provided by CyEx Medical Shield Complete.

**This notice may affect your rights. Please read it carefully.**

| Your Legal Rights and Options | | Deadline |
|---|---|---|
| **Submit a Claim Form** | The only way to get Settlement benefits is to submit an Approved Claim. | **Submitted online or Postmarked by Month DD, 202x** |
| **Opt-Out of the Settlement** | Get no Settlement benefits. Keep your right to file your own lawsuit against Defendant about the legal claims in this lawsuit. | **Postmarked by Month DD, 202x** |
| **Object to the Settlement** | Stay in the Settlement but tell the Court why you do not agree with the Settlement. You will still be bound by the Settlement if the Court approves it. | **Postmarked by Month DD, 202x** |

**Questions? Go to www.SettlementWebsite.com or call 1-XXX-XXX-XXXX**

| **Do Nothing** | Get no Settlement benefits. Be bound by the Settlement. | **No Deadline** |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court must still decide whether to approve the Settlement. There will be no Settlement benefits unless the Court approves the Settlement, and it becomes final.

### BASIC INFORMATION

## 1.  Why is this Notice being provided?

A Court authorized this Notice because you have the right to know about the proposed Settlement of this class action lawsuit and all of your rights and options before the Court decides to grant Final Approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what Settlement benefits are available, who is eligible for the benefits, and how to get them.

The Honorable George Levi Russell III of the United States District Court for the District of Maryland is overseeing this class action. The lawsuit is known as *In Re Anne Arundel Data Breach Litigation*, Case No. 1:25-cv-02274-GLR ("Action"). The people who filed this Action are called the "Plaintiffs" and/or "Settlement Class Representatives" and the company sued, Anne Arundel Dermatology, P.A. ("AAD"), is called the "Defendant."

## 2.  What is this Action about?

This class action lawsuit arises from an alleged Data Security Incident whereby third parties gained unauthorized access to certain AAD systems between February 14, 2025 and May 13, 2025, resulting in potential access to patients' personally identifiable information ("PII") and protected health information ("PHI"). The lawsuit asserts claims against AAD for alleged negligent data security practices and for alleged intentional disclosure of information concerning patients and potential patients.

AAD denies these allegations, maintains that it acted lawfully at all times, and denies that Plaintiffs would prevail or be entitled to any relief should this matter proceed to be litigated. The Court has not decided who is right. Instead, Plaintiffs and Defendant have agreed to a settlement solely to avoid the risk, cost, and time of continuing the Action.

## 3.  Why is the Action a class action?

In a class action, one or more people (called plaintiff(s) or class representative(s)) sue on behalf of all people who have similar legal claims. Together, all these people are called a "class" or "class members." If the plaintiffs and the defendant reach a settlement, the court resolves the issues for all class members via the settlement, except for those class members who timely opt out (exclude themselves) from the settlement.

The proposed Settlement Class Representatives in this Action are Plaintiffs Natalia Correa, Peyton Sulkowski, Jennifer Longwell, Shemika Jones, Brice Farris, Michael Straw, Barbara Buracker, Paul Gale, Earl Beville Jr., Steven Boehm, Paul Madigan, Heidi Shell, Troy Botteon, Richard Bernard, Jason Tyson, Crystal Hall, Terri Wilson, Raven Martin, Jacqueline Smith, Alunda Mitchell (on behalf of J.D., a minor), Diana Wilson, and George Tyler.

### 4. Why is there a Settlement?

Plaintiffs and Defendant do not agree about the legal claims made in the Action. The Action has not gone to trial, and the Court has not decided in favor of Plaintiffs or Defendant. Instead, Plaintiffs and Defendant have agreed to settle the Action. AAD maintains that it acted lawfully at all times and has entered into this Settlement solely to avoid the time and expense of further litigation. The Settlement Class Representatives believe the Settlement is best for all individuals in the Settlement Class because of the benefits available to the Settlement Class and the risks and uncertainty associated with continuing the Action.

## WHO IS INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am part of the Settlement?

You are part of the Settlement Class if you are an individual residing in the United States who provided personal information, including but not limited to PII or PHI, to AAD, or about whom AAD otherwise collected, received, or possessed personal information, including but not limited to PII or PHI, on or before Month DD, 202Y. There are approximately 1,905,338 Settlement Class members.

### 6. Are there exceptions to being included in the Settlement?

Yes. Excluded from the Settlement Class are (i) AAD, any entity in which AAD has a controlling interest, and AAD's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Actions and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement.

### 7. What if I am still not sure whether I am part of the Settlement?

If you are still not sure whether you are a Settlement Class Member, you may go to the Settlement Website at www.SettlementWebsite.com or call the Settlement Administrator's toll-free telephone number at 1-XXX-XXX-XXXX.

**PLEASE DO NOT CONTACT THE COURT, THE COURT CLERK'S OFFICE, OR DEFENDANT AAD TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

### THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

### 8. What does the Settlement provide?

If you are a Settlement Class Member and you timely submit an Approved Claim, you may be eligible for the following Settlement benefits:

**Free Medical Data Monitoring Service.** Settlement Class Members may elect to enroll in credit monitoring and identity theft protection services. All Settlement Class Members are eligible to receive three (3) years of medical data monitoring services, specifically CyEx Medical Shield Complete, which includes the following features:

**Questions? Go to www. SettlementWebsite.com or call 1-XXX-XXX-XXXX**

(1) real time monitoring of the credit file at one bureau;

(2) dark web scanning with immediate notification of potential unauthorized use;

(3) comprehensive public record monitoring;

(4) medical record monitoring;

(5) health insurance plan number monitoring;

(6) medical beneficiary identifier monitoring;

(7) health savings account monitoring;

(8) identity theft insurance (no deductible) up to $1,000,000.00; and

(9) access to fraud resolution agents to help investigate and resolve instances of identity theft.

**Cash Payment A – Documented Out-of-Pocket Losses.** If your sensitive information was impacted and you incurred actual, documented out-of-pocket losses due to the Data Security Incident, you may file a claim for reimbursement. The loss must have occurred between December 21, 2022, and the close of the Claims Period. The maximum amount of this reimbursement is $5,000.00.

You must provide documentation and an attestation under penalty of perjury related to the Data Security Incident.

This benefit covers out-of-pocket expenses like:

(1) unreimbursed losses relating to fraud or identity theft;
(2) bank or other financial institution charges incurred as a result of the Data Security Incident;
(3) professional fees including attorneys' fees, accountants' fees, and fees for credit repair services;
(4) costs associated with freezing or unfreezing credit with any credit reporting agency and costs of credit reports;
(5) credit monitoring costs that were incurred on or after mailing the notice of the cybersecurity incident, through the date of claim submission; and
(6) miscellaneous expenses such as notary, fax, postage, copying, internet usage, mileage, and long-distance telephone charges;

You must submit documentation, such as receipts, to verify the costs you incurred. You may submit "self-prepared" documents to clarify or support other submitted documentation, but self-prepared documents by themselves are not sufficient to file a valid claim.

**Cash Payment B – Alternative Pro Rata Cash Payment.** In the alternative to Cash Payment A, Settlement Class Members may elect to receive Cash Payment B, which is a *pro rata* cash payment in the estimated amount of $100.00. All Approved Claims for Alternative Pro Rata Cash Payments (Cash Payment B) will be subject to a pro rata increase or decrease from the estimated $100.00 amount after payment for Approved Claims for Documented Out-of-Pocket Losses (Cash Payment A), any Service Awards awarded to Settlement Class Representatives, any attorneys' fees and costs awarded to Settlement Class Counsel, and all Costs of Notice and Administration. Any *pro rata* increases or decreases to Cash Payment B will be on an equal percentage basis.

**9.   What am I giving up to receive Settlement benefits or stay in the Settlement Class?**

Unless you opt out of the Settlement, you are choosing to remain in the Settlement Class. If the Settlement is approved and becomes final, all Court orders will apply to you and legally bind you.

**Questions? Go to www. SettlementWebsite.com or call 1-XXX-XXX-XXXX**

4

You will not be able to sue, continue to sue, or be part of any other lawsuit against the Released Parties, including Defendant, about the legal issues in this lawsuit that are released by this Settlement. The specific rights you are giving up are called "Released Claims."

| 10. What are the Released Claims? |
|---|

The Settlement Agreement Section 13 describes the Release, so please read this section carefully. The Settlement Agreement is available at www.SettlementWebsite.com and in the public Court records on file in this lawsuit. For questions regarding the Release and what the language in the Settlement Agreement means, you can also contact Settlement Class Counsel listed in Question 15 for free, or you can talk to your own lawyer at your own expense.

**HOW TO GET BENEFITS FROM THE SETTLEMENT**

| 11. How do I make a claim for Settlement benefits? |
|---|

To receive any of the benefits described in Question 8, you must submit a Claim Form**, postmarked** or **submitted online by Month DD, 202x**. Claim Forms may be submitted online at www.SettlementWebsite.com or printed from the Settlement Website and mailed to the Settlement Administrator at the address on the Claim Form. The quickest way to submit a claim is online. Claim Forms are also available by calling 1-XXX-XXX-XXXX or by writing to:

AAD Data Settlement Administrator
P.O. Box XXX
Baton Rouge, LA 70821

**Claim Forms must be submitted online or by mail postmarked by Month DD, 202Y.**

| 12. What happens if my contact information changes after I submit a Claim? |
|---|

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Settlement Administrator of your updated information. You may notify the Settlement Administrator of any changes by calling 1-XXX-XXX-XXXX or by writing to:

AAD Data Settlement Administrator
P.O. Box XXX
Baton Rouge, LA 70821

| 13. When will I receive my Settlement benefits? |
|---|

If you submit a timely and Approved Claim, payment will be made to you by the Settlement Administrator after the Settlement is approved by the Court and becomes final.

It may take time for the Settlement to be approved and become final. Please be patient and check www.SettlementWebsite.com for updates.

| 14. How will I receive my payment? |
|---|

If you submit a timely Claim Form for payment, and if your claim and the Settlement are finally approved, you will be sent an electronic payment to the electronic payment option that you selected when you submitted your claim, or will be sent a paper check if you selected that option. Several

Questions? Go to www. SettlementWebsite.com or call 1-XXX-XXX-XXXX

5

electronic payment options will be available, or you can select a paper check. Please ensure you have provided a current and complete email address. If you select a paper check, the Settlement Administrator will attempt to send you a check relying on your physical address submitted on your Claim Form.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this lawsuit?

Yes, the Court has appointed Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; Tyler Bean of Siri & Glimstad, LLP; James Pizzirusso of Hausfeld LLP; Gary E. Mason of Mason LLP; James P. Ulwick of Kramon & Graham as Class Counsel lawyers to represent you and the Settlement Class for the purposes of this Settlement. You may hire your own lawyer at your own cost and expense if you want someone other than Settlement Class Counsel to represent you in this lawsuit.

Settlement Class Counsel may be contacted at the following addresses and phone numbers:

| | | |
|---|---|---|
| Gary Klinger<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**<br>227 W. Monroe Street, Suite 2100<br>Chicago, Illinois 60611<br>T: (866) 252-0878<br>gklinger@milberg.com | Tyler Bean<br>**SIRI & GLIMSTAD LLP**<br>745 Fifth Avenue, Suite 500<br>New York, New York 10151<br>T: (212) 532-1091<br>tbean@sirillp.com | James Pizzirusso<br>**HAUSFELD LLP**<br>1201 17th Street N.W., Suite 600<br>Washington, D.C. 20036<br>T: (202) 540-7200<br>jpizzirusso@hausfeld.com |
| Gary E. Mason<br>**MASON LLP**<br>5335 Wisconsin Avenue, NW Suite 640<br>Washington, DC 20015<br>Tel: (202) 429-2290<br>Email: gmason@masonllp.com | James P. Ulwick,<br>**KRAMON & GRAHAM, P.A.**<br>750 East Pratt Street, Suite 1100<br>Baltimore, Maryland 21202<br>Phone: 410-752-6030<br>julwick@kg-law.com | |

### 16. How will Settlement Class Counsel be paid?

Settlement Class Counsel will file a motion asking the Court to award attorneys' fees as a percentage of the value conferred by the Settlement on the Settlement Class, plus reimbursement of out-of-pocket litigation expenses. The Court may award less than the amount requested. Settlement Class Counsel will also request approval of Service Awards of one thousand five hundred dollars ($1,500.00) for each Settlement Class Representative. If awarded by the Court, the Settlement Administrator will pay attorneys' fees, litigation expenses, and Service Awards out of the Settlement Fund.

Settlement Class Counsel's motion for attorneys' fees, litigation expenses, and Service Awards will be made available on the Settlement Website at www.SettlementWebsite.com before the deadline for you to object to or opt out of the Settlement.

## OPTING OUT OF THE SETTLEMENT

Questions? Go to www. SettlementWebsite.com or call 1-XXX-XXX-XXXX

6

If you are a Settlement Class Member and want to keep any right you may have to sue or continue to sue the Released Parties on your own based on the legal claims raised in this lawsuit or released by the Released Claims, then you must take steps to get out of the Settlement. This is called opting out of the Settlement.

## 17. How do I opt out of the Settlement?

To opt out of the Settlement, you must timely mail written notice of a request to opt out. The written notice must include:

(1) The name of the proceedings (*In Re Anne Arundel Data Breach Litigation*, Case No. 1:25-cv-02274-GLR) (D. Md.);

(2) Your full name, telephone number, and current address. If you are opting out on behalf of a Settlement Class Member, you must provide the full name, telephone number, current address, and your relationship to the Settlement Class Member;

(3) A statement using the words "request for exclusion" or "opt-out" to indicate your desire to exclude yourself from the Settlement Class or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication; and

(4) Your physical signature as a Settlement Class member.

The opt out request must be **mailed** to the Settlement Administrator at the following address, and be **postmarked by Month DD, 202Y**:

AAD Data Settlement Administrator
Exclusions
P.O. Box XXX
Baton Rouge, LA 70821

**You cannot opt out by telephone.**

"Mass" or "class" requests for exclusion filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class Members where an opt out has not been signed by each and every individual Settlement Class Member will not be allowed.

Any Settlement Class Member who does not file a timely request for exclusion will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

## 18. If I opt out can I still get anything from the Settlement?

No. If you opt out, you will not be entitled to receive any Settlement benefits, but you will not be bound by any judgment in this Action. You can only get Settlement benefits if you stay in the Settlement and submit a Valid Claim.

## 19. If I do not opt out, can I sue Defendant for the same thing later?

No. Unless you opt out, you give up any right to sue Defendant and other Released Parties for the legal claims this Settlement resolves and Releases relating to the Data Security Incident. You must opt out of the lawsuit to start or continue with your own lawsuit or be part of any other lawsuit against Defendant or other Released Parties. If you have a pending lawsuit, speak to your lawyer in that case immediately.

**OBJECTING TO THE SETTLEMENT**

**Questions? Go to www. SettlementWebsite.com or call 1-XXX-XXX-XXXX**

7

## 20. How do I tell the Court that I do not like the Settlement?

If you are a Settlement Class Member, you can tell the Court you do not agree with all or any part of the Settlement and/or Settlement Class Counsel's motion for attorneys' fees and expenses.

To object, you must mail a timely, written objection stating that you object. Your objection must be **postmarked by Month DD, 202Y**.

The objection must also include all of the following information:

(i)     The name of the proceedings: *In re Anne Arundel Data Breach Litigation*, No. 1:25-cv-022743-GLR (D. Md.);

(ii)    The Settlement Class Member's full name, current mailing address, telephone number, and email address;

(iii)   Include the full name, address, telephone number, and email address of the objector's counsel (if the objector is represented by counsel);

(iv)    A statement that describes with specificity the grounds for the objection, as well as any documents supporting the objection;

(v)     A statement as to whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class;

(vi)    A statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing;

(vii)   A list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement in the previous 24 months and the outcome of those objections; and

(viii)  The signature (or electronic equivalent) of the Settlement Class Member or the Settlement Class Member's attorney.

To be timely, written notice of an objection in the appropriate form must be mailed **postmarked** by **Month DD, 202Y**, to the Settlement Administrator at:

Settlement Administrator
Objections
P.O. Box XXX
XXXXXXXXX

You may also file any Objection with the Court.

Any Settlement Class Member who fails to comply with the requirements for objecting detailed above will waive and forfeit any and all rights they may have to appear separately and/or to object to the Settlement Agreement and will be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the lawsuit.

## 21. What is the difference between objecting and asking to opt out?

Objecting is simply telling the Court you do not like something about the Settlement or requested attorneys' fees and expenses. You can object only if you stay in the Settlement Class (meaning you do not opt out of the Settlement). Opting out of the Settlement is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you opt out, you cannot object to the Settlement.

**THE FINAL APPROVAL HEARING**

## 22. When and where will the Court decide whether to approve the Settlement?

**Questions? Go to www. SettlementWebsite.com or call 1-XXX-XXX-XXXX**

8

The Court will hold a Final Approval Hearing on **Month DD, 202Y, at XX:XX a.m./p.m.** before the Honorable George Levi Russell III of the United States District Court for the District of Maryland, 101 W Lombard St, Baltimore, MD 21201.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to approve the Settlement, Settlement Class Counsel's motion for attorneys' fees and expenses, and Service Awards. If there are objections, the Court will consider them. The Court will also listen to Settlement Class Members who have asked to speak at the hearing.

**Note:** The date and time of the Final Approval Hearing are subject to change. The Court will decide whether to hold the hearing in person or remotely. Any change will be posted at www.SettlementWebsite.com.

| 23. Do I have to attend to the Final Approval Hearing? |
| --- |

No. Settlement Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you mail an objection, you do not have to attend the Final Approval Hearing to speak about it. As long as you mail your written objection on time, the Court will consider it.

| 24. May I speak at the Final Approval Hearing? |
| --- |

Yes, as long as you do not opt out, you can (but do not have to) participate and speak for yourself at the Final Approval Hearing. This is called making an appearance. You also can have your own lawyer speak for you, but you will have to pay for the lawyer yourself.

If you want to appear, or if you want your own lawyer instead of Settlement Class Counsel to speak for you at the Final Approval Hearing, you must follow all of the procedures for objecting to the Settlement listed in Question 20 above—and specifically include a statement whether you and your lawyer will appear at the Final Approval Hearing.

## IF YOU DO NOTHING

| 25. What happens if I do nothing at all? |
| --- |

If you are a Settlement Class Member and you do nothing, you will not receive any Settlement benefits, and you will give up rights explained in the "Opting Out of the Settlement" section of this Notice, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any of the Released Parties, including Defendant, about the legal issues in this lawsuit that are released by the Settlement Agreement relating to the Data Security Incident.

## GETTING MORE INFORMATION

| 26. How do I get more information? |
| --- |

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at www.SettlementWebsite.com, by calling 1-XXX-XXX-XXXX or by writing to:

AAD Data Settlement Administrator
P.O. Box XXX
XXXXXXXXXX

**Questions? Go to www. SettlementWebsite.com or call 1-XXX-XXX-XXXX**

**PLEASE DO NOT TELEPHONE THE COURT, THE COURT'S CLERK OFFICE, OR DEFENDANT AAD REGARDING THIS NOTICE OR THE CLAIMS PROCESS**

Questions? Go to www. SettlementWebsite.com or call 1-XXX-XXX-XXXX

10