**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE ANNE ARUNDEL DATA BREACH LITIGATION | Case No.: 1:25-cv-02274 <br><br> **DEMAND FOR JURY TRIAL** |

**ORDER PRELIMINARILY APPROVING CLASS ACTION**
**SETTLEMENT AND CERTIFYING SETTLEMENT CLASS**

WHEREAS, Plaintiffs Natalia Correa, Peyton Sulkowski, Jennifer Longwell, Shemika Jones, Brice Farris, Michael Straw, Barbara Buracker, Paul Gale, Earl Beville Jr., Steven Boehm, Paul Madigan, Heidi Shell, Troy Botteon, Richard Bernard, Jason Tyson, Crystal Hall, Terri Wilson, Raven Martin, Jacqueline Smith, Alunda Mitchell (on behalf of J.D., a minor), Diana Wilson, and George Tyler (collectively, "Plaintiffs"), in the above-captioned class action have applied for an order, pursuant to Federal Rule of Civil procedure 23, preliminarily approving the Class Action Settlement Agreement entered into between Plaintiffs, on behalf of themselves and the proposed Settlement Class, and Defendant Anne Arundel Dermatology, P.A. ("AAD" or "Defendant") dated __2/26/26__ and this Court having reviewed the Agreement as submitted to the Court with Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval"); and

WHEREAS, this Preliminary Approval Order incorporates the Agreement, and its exhibits, and the terms used herein shall have the meaning and/or definitions given to them in the Agreement, as submitted to the Court with the Motion for Preliminary Approval;

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 23(e), upon the agreement of the Parties, and after consideration of the Agreement and its exhibits,

IT IS HEREBY ORDERED as follows:

1.      The Court finds that the Agreement proposed by the Parties is fair, reasonable, and adequate, and is likely to be approved at a final approval hearing such that giving notice to the Settlement Class is justified. The representations, agreements, terms, and conditions of the Settlement, as embodied in the Agreement and the exhibits attached thereto, are preliminarily approved pending a final hearing on the Settlement as provided herein. The Settlement meets the considerations set forth in the amended Rule 23(e), as well as in *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155 (4th Cir.1991).

2.      The Settlement was negotiated with the assistance of an experienced and neutral mediator jointly selected by the Parties, the Honorable Diane M. Welsh (Ret.), a retired federal magistrate judge now with JAMS in Philadelphia, Pennsylvania, and appears to be the result of extensive, arm's-length negotiations between the Parties after Class Counsel and Defendant's Counsel had investigated the claims, sufficiently litigated the claims, and became familiar with the strengths and weaknesses of the claims and defenses in this Action. The Settlement appears not to be collusive, has no obvious defects, and falls within the range of reasonableness.

3.      The Court finds that it will likely certify at the final approval stage the Settlement Class for purposes of the Settlement only, consisting of:

> all persons in the United States who provided personal information, including but not limited to PII or PHI, to AAD, or about whom AAD otherwise collected, received, or possessed personal information, including but not limited to PII or PHI, on or before December 9, 2025.
>
> Specifically excluded from the Settlement Class are: (i) AAD, any entity in which AAD has a controlling interest, and AAD's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Actions and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the

2

Settlement.

4.      The Court finds that the Settlement Class meets the relevant requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) in that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class Members; (d) the Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent them as Class Counsel; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court therefore preliminarily certifies the proposed Settlement Class.

5.      For purposes of the Settlement only, the Court finds and determines that it will likely find, at the final approval stage, pursuant to Federal Rule of Civil Procedure Rule 23(a)(4), that Plaintiffs will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action, and therefore appoints them as Class Representatives.

6.      For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a)(1), the Court appoints the following as Class Counsel to act on behalf of both the Settlement Class and the Class Representatives with respect to the Settlement:

Gary Klinger
**MILBERG, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
E: gklinger@milberg.com

Tyler Bean
**Siri & Glimstad LLP**,
745 Fifth Avenue, Suite 500

Gary E. Mason
**Mason LLP**
5335 Wisconsin Avenue, NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290
E: gmason@masonllp.com

James J. Pizzirusso, Esq.
**HAUSFELD LLP**
1200 17th Street, N.W., Suite 600

3

New York, New York 10151                     Washington, DC 20036
Tel: (212) 532-1091                          T: (202) 540-7200
E: tbean@sirillp.com                         E: James J. Pizzirusso, Esq.

James P. Ulwick
**KRAMON & GRAHAM, P.A.**
750 East Pratt Street, Suite 1100
Baltimore, Maryland 21202
Phone: 410-752-6030
Fax: 410-539-1269
E: julwick@kg-law.com

7.      Eisner Advisory Group, LLC is appointed as Settlement Administrator and shall administer the Notice Plan. The Settlement Administrator shall abide by the terms and conditions of the Agreement that pertain to the Settlement Administrator.

8.      Pursuant to Federal Rule Civil Procedure 23(e), the terms of the Agreement (and the Settlement provided for therein) are preliminarily approved and likely to be approved at the Final Approval Hearing because:

    (A) the Class Representatives and Class Counsel have adequately represented the Settlement Class;

    (B) the Settlement Agreement was negotiated at arm's length;

    (C) the relief provided for the Settlement Class is adequate, taking into account:

        (i) the costs, risks, and delay of trial and appeal;

        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing Settlement Class Member claims;

        (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and

        (iv) any agreement required to be identified under Rule 23(e)(3); and

    (D) the Settlement Agreement treats Settlement Class Members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

4

9.      Having reviewed the proposed Notice Plan, including the Short Form Notice and Long Form Notice submitted by the Parties as Exhibits E and F to the Agreement, the Court approves, as to form and content, such Notices for the purpose of notifying the Settlement Class as to the proposed Settlement, the Final Approval Hearing, and the rights of Settlement Class Members. Those Notices contain all of the essential elements necessary to satisfy the requirements of federal law, including the Federal Rules of Civil Procedure and federal and state due process provisions, including the Settlement Class definition, the identities of the Parties and their counsel, a summary of the terms of the proposed Settlement, information regarding the manner in which objections may be submitted, information regarding opt-out procedures and deadlines, and the date and location of the Final Approval Hearing.

10.     The Court directs the Settlement Administrator to cause a copy of the Short Form Notice or Long Form Notice to be sent to all Settlement Class Members in accordance with the Notice Plan. The Notice Plan shall be fully implemented before the filing of the Motion for Final Approval.

11.     The Short Form Notice and Long Form Notice shall be updated by Class Counsel and Defendant to include the correct dates and deadlines before the Notice Plan commences, based upon those dates and deadlines set by the Court herein. The Court finds and determines the Notice Plan pursuant to this Order constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the matters set forth in the Notices to all persons entitled to receive such Notices, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable law and rules.

12.     Any person falling within the definition of the Settlement Class may, upon request, be excluded or opt-out. In the event a Settlement Class Member wishes to be excluded and not to

5

be bound by the Agreement, that person must submit a written request for exclusion to the Settlement Administrator, which shall be postmarked or submitted electronically no later than the Opt-Out Deadline. The written request for exclusion must: (i) identify the case name and number of this Action; (ii) identify the name and address of the individual seeking exclusion from the Settlement; (iii) be personally signed by the individual seeking exclusion; (iv) include a statement clearly indicating the individual's intent to be excluded from the Settlement; and (v) request exclusion only for that one individual whose personal signature appears on the request. Opt-Out requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator.

13. Any member of the Settlement Class who timely and properly requests exclusion in compliance with the requirements described herein shall not: (i) be bound by any orders or judgments in connection with the Settlement Agreement; (ii) be entitled to any relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; nor (iv) be entitled to object to any aspect of the Settlement Agreement. Any individual who does not submit a valid and timely request for exclusion in the manner described herein shall be deemed to be a Settlement Class Member upon expiration of the Opt-Out Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

14. Any Settlement Class Member who wishes to object to the Settlement, Class Counsel's application for attorneys' fees and expenses, or Service Awards for the Class Representatives, or who wishes to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, or why a final judgment should not be entered thereon, may do so, but must proceed as set forth in this paragraph. Only a Settlement Class Member may file an objection. No Settlement

Class Member or other person will be heard on such matters unless they have submitted a written objection (together with any briefs, papers, statements, or other materials the Settlement Class Member or other person wishes the Court to consider) electronically or by first-class postage prepaid to the Clerk of the Court on or before the Objection Deadline, as set forth in this Preliminary Approval Order. The written objection must include: (a) the objector's full name, mailing address, telephone number, and email address (if any); (b) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (c) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing; (d) a list of all expert witnesses who will be called to testify at the Final Approval Hearing in support of the objection (if any); (e) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (f) the objector's signature (or, if represented by counsel, an attorney's signature).

15.    Any Settlement Class Member who does not make his or her objection in the manner and by the date set forth in this Order shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

16.    Prior to the Final Approval Hearing: (i) Class Counsel shall file with the Court and serve on all Parties a declaration or affidavit of the Settlement Administrator certifying that the Notice Plan was completed and providing the name of each Settlement Class Member who timely and properly requested exclusion from the Settlement Class; and (ii) Defendant or the Settlement Administrator shall file with the Court and serve on all Parties a declaration certifying that notice was provided to the appropriate government entities in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

7

17.    All pretrial proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Agreement and this Preliminary Approval Order.

18.    Upon the entry of this Preliminary Approval Order, the Class Representatives and all Settlement Class Members shall be provisionally enjoined and barred from asserting any claims against Defendant and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision to grant Final Approval of the Settlement.

19.    The Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with the Settlement, shall not be construed or deemed to be evidence of an admission or concession by Defendant of any liability or wrongdoing by Defendant or any of its parents, investors, shareholders, divisions, subdivisions, companies, subsidiaries, affiliates, departments, managers, licensees, sublicensees, trustees, creditors, partners, joint venturers, principals, officers, stockholders, directors, employees, staff, agents, representatives, attorneys, predecessors, successors, assigns, assignees, heirs, executors, contractors, vendors, insurers, reinsurers, or any other person or entity acting on its behalf with respect to the conduct alleged in the Action, including but not limited to any AAD-affiliated physicians, branches, clinics, offices, or medical practices and/or their staff or employees, or that the litigation was properly brought as a class action, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief with respect to the Data Security Incident at issue in this Action or with respect to any other Released Claim. Defendant may file the Agreement in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue

preclusion or similar defense or counterclaim.

1.      In the event that: (a) this Court does not grant Final Approval of the Settlement as provided in the Agreement; (b) this Court does not enter the Final Approval Order in all material respects and substantial form as the Final Approval Order submitted by the Parties with the Motion for Final Approval; or (c) the Settlement does not become final for any other reason, the Agreement shall be null and void and any order or judgment entered by this Court in furtherance of the Settlement shall be vacated *nunc pro tunc*. In such an event, the Parties shall proceed in all respects as if the Agreement had not been executed; the Parties shall in no way be prejudiced in proceeding with or defending this Action; the provisional class certification effected herein will be null and void; and Defendant shall have the right to oppose and object, on any and all grounds, to certification of the Settlement Class or any other class at any future time.

2.      For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

3.      Class Counsel and Defendant's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without the Court's further approval, minor form or content changes to the Notices they jointly agree are reasonable or necessary.

4.      A Final Approval Hearing will be held before the Honorable George Levi Russell III of the United States District Court for the District of Maryland, 101 W Lombard St, Baltimore, MD 21201 on _____**July 16**_, **2026 at 10:00 a.m.**, to determine: (a) whether the Settlement

should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the Final Approval Order should be entered in substance materially the same as the Final Approval Order submitted by the Parties with the Motion for Final Approval; (c) whether to approve Class Counsel's Application for Attorneys' Fees, Expenses and Service Awards for the Class Representatives; and (d) any other matters that may properly be brought before the Court in connection with the Settlement. The Final Approval Hearing is subject to continuation  or adjournment by the Court without further notice to the Settlement Class (any change in date shall be posted on the Settlement Website). The hearing may be virtual, in which case the instructions to participate shall be posted on the Settlement Website. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. Plaintiffs and Class Counsel must file all moving papers and briefs in support of Final Approval, inclusive of Class Counsel's Application for Attorneys' Fees and Expenses and Service Awards for the Class Representatives, no later than 45 days before the original date set forth herein for the Final Approval Hearing.

5.      Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Settlement Class Member does not enter an appearance, he or she will be represented by Class Counsel.

6.      The Court hereby sets the following schedule of events:

| Event | Calendar Days Before Final Approval Hearing |
|---|---|
| **Defendant to provide class list to Settlement Administrator** | __**March 9**__, **2026**<br>(10 days after the entry of this order) |
| **Notice Plan Complete** | __**April 9**__, **2026**<br>(30 days after Defendant's provision of the Class List) |
| **Opt-Out Deadline** | __**June 9**__ , **2026** |

10

| | (60 days after the Notice Deadline) |
|---|---|
| **Objection Deadline** | _____ **June 9** , **2026**<br>(60 days after the Notice Deadline) |
| **Motion for Final Approval and Application for Attorneys' Fees, Expenses and Service Awards** | _____ **June 1** , **2026**<br>(45 Days before Final Approval Hearing) |
| **Deadline to Respond to Objections** | _____ **July 1** , **2026**<br>(15 days before Final Approval Hearing) |
| **Final Approval Hearing** | _____ **July 16** , **2026, at** <u>**10:00 a**</u> **.m.** |

**IT IS SO ORDERED.**

DATED: ___7/26_____, 2026

_____
Hon. George Levi Russell III
UNITED STATES DISTRICT JUDGE

11